STATE OF NORTH CAROLINA v. CLIFTON WOOTEN, JR.

No. 733SC411

(Filed 11 July 1973)

Shoplifting— allegation as to ownership of property — sufficiency of warrant

A warrant charging shoplifting under G.S. 14-72.1 was not rendered fatally defective though there was no allegation that the mer-

chandising firm from which the property was purportedly taken was a natural person or a corporation.

APPEAL by defendant from *Rouse, Judge,* 8 January 1973 Session, PITT Superior Court.

The complaint in the warrant on which defendant was tried charges as follows:

> "The undersigned, W. A. MacKenzie, being duly sworn, complains and says that at and in the County named above and on or about the 13 day of July, 1972, the defendant named above did unlawfully, wilfully, and feloniously and without authority conceal a Suede belt size 34—blue with 2 white stitched lines, an item of merchandise of Kings Dept. Store, 264 By Pass, Greenville, N. C., while still upon the premises of the Store and not having theretofore purchased such merchandise.

> The offense charged here was committed against the peace and dignity of the State and in violation of law G.S. 14-721."

Defendant was found guilty in district court and from judgment imposed there, he appealed to superior court where he pleaded not guilty. A jury found him guilty as charged and from judgment imposing prison sentence of six months, defendant appealed to the Court of Appeals.

*Attorney General Robert Morgan by William F. O'Connell, Assistant Attorney General, for the State.*

*Laurence S. Graham for defendant appellant.*

BRITT, Judge.

The only assignment of error brought forward and argued in defendant's brief is that the trial court erred in denying defendant's motion to arrest the judgment. Defendant contends that the warrant is fatally defective for the reason that it does not show that King's Department Store, 264 By-Pass, Greenville, N. C., is a natural person or a legal entity capable of owning property; that shoplifting is a "descendent" of the crime of larceny, therefore, the rule applicable to larceny applies to shoplifting.

Defendant relies on *State v. Biller,* 252 N.C. 783, 114 S.E. 2d 659 (1960), and *State v. Thompson,* 6 N.C. App. 64, 169 S.E. 2d 241 (1969), in which cases the Supreme Court and this court declared that a warrant for larceny which fails to allege the ownership of the property either in a natural person or a legal entity capable of owning property is fatally defective. Our attention has been directed also to *State v. Thornton,* 251 N.C. 658, 111 S.E. 2d 901 (1960), in which the same rule was applied to the charge of embezzlement.

While we recognize the rule stated in *Biller* and *Thornton,* we do not think it is applicable to G.S. 14-72.1, the shoplifting statute under which defendant was charged.

Larceny is a common law offense, defined as the felonious taking by trespass and carrying away by any person of the goods or personal property *of another,* without the latter's consent and with the felonious intent permanently to deprive the owner of his property and to convert it to the taker's own use. *State v. McCrary,* 263 N.C. 490, 139 S.E. 2d 739 (1965).

The crime of embezzlement, unknown to the common law, was created and is defined by statute. *State v. Ross,* 272 N.C. 67, 157 S.E. 2d 712 (1967). With respect to the owner of the property embezzled or misappropriated, our embezzlement statute, G.S. 14-90, provides that the property alleged to have been misappropriated belonged "to any other person or corporation, unincorporated association or organization."

Our shoplifting statute, G.S. 14-72.1, provides in pertinent part as follows: "(a) Whoever, without authority, willfully conceals the goods or merchandise of *any store,* not theretofore purchased by such person, while still upon the premises of such store, shall be guilty of a misdemeanor and, upon conviction, shall be punished by a fine of not more than one hundred dollars ($100.00), or by imprisonment for not more than six months, or by both such fine and imprisonment. Such goods or merchandise found concealed upon or about the person and which have not theretofore been purchased by such person shall be prima facie evidence of a willful concealment." (Emphasis added.)

It is well settled in this jurisdiction that statutes creating criminal offenses must be strictly construed, *State v. Ross, supra,* and it appears that our Supreme Court has applied the strict construction rule to common law offenses. The common law offense of larceny contemplates that the property taken must belong to or be in the possession of *another* and the

statutory offense of embezzlement provides that the misappropriated property must belong to "any other person or corporation, unincorporated association, or organization." In view of the breadth of the offenses of larceny and embezzlement, it is understandable that the court has declared that the warrant or bill of indictment charging these offenses must allege the ownership of the property either in a natural person or a legal entity capable of owning property.

Our statutory offense of shoplifting, however, is very limited in its application, particularly with respect to the owner or possessor of the property covered. In *State v. Hales*, 256 N.C. 27, 33, 122 S.E. 2d 768 (1961), we find: "The statutory offense created by G.S. 14-72.1 is composed of four essential elements: Whoever, one, without authority, two, willfully conceals the goods or merchandise *of any store,* three, not theretofore purchased by such person, four, while still upon the premises of *the store,* shall be guilty of a misdemeanor." (Emphasis added.)

Presumably G.S. 14-72.1, due to its narrow scope, would not cover property in a residence, bank, school or church—only "the goods or merchandise of any store." While drafters of warrants charging a violation of this statute would be well advised to allege whether the merchandising firm is a natural person or a corporation, we do not think the failure to do so in the case at bar rendered the warrant fatally defective.

No error.

Judges HEDRICK and VAUGHN concur.