STATE OF NORTH CAROLINA v. ARCHIE ALLEN PERKINS, JR.

No. 8118SC1179

(Filed 1 June 1982)

**1. Larceny § 4.2— indictment—ownership of stolen property**

An indictment alleging the larceny of the personal property of "Metropolitan YMCA t/d/b/a Hayes-Taylor YMCA Branch" was fatally defective in failing to allege ownership of the stolen property in a corporation or other legal entity capable of owning property.

**2. Criminal Law § 91.7— denial of continuance to secure presence of witnesses**

The trial court did not err in failing to grant defendant's motion for a continuance in order to secure the presence of his alleged "alibi" witnesses where defense counsel had subpoenaed the witnesses for the preceding week when the case was originally calendared for trial and had been unable to locate them prior to the trial, defendant failed to show what the testimony of the potential witnesses would be or how the lack of such testimony would be prejudicial to him, and there was no evidence that the witnesses would ever be present for trial.

State v. Perkins

3. **Criminal Law § 97.2— refusal to reopen case**

　　The trial court did not abuse its discretion in refusing to permit defendant to reopen his case to testify after the court had concluded its charge to the jury and in denying defendant's motion for a mistrial when defense counsel informed the court that he had conferred with defendant while the prosecutor was arguing to the jury and defendant then expressed a desire to testify, and defendant indicated to the trial judge that he had an alibi for the date of the crime, since defendant had been given the opportunity to present evidence, and defendant did not move to reopen his case but only moved for a mistrial.

4. **Criminal Law § 114.2— instructions—reference to witness as accomplice—no expression of opinion**

　　The trial judge did not express an opinion on defendant's guilt when he referred to a State's witness as an "accomplice" where the witness by his own testimony was an admitted accomplice, and where the instruction given was only slightly different than an instruction requested by defendant.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 2 April 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 8 April 1982.

Defendant was charged with breaking and entering into "a building occupied by Metropolitan YMCA t/d/b/a Hayes-Taylor YMCA Branch used as recreational and educational facility located at 1101 East Market Street, Greensboro, North Carolina," and the larceny of certain items, "the personal property of Metropolitan YMCA t/d/b/a Hayes-Taylor YMCA Branch having a value of One Thousand Five Hundred Seventy-eight Dollars ($1,578.00) dollars." He was found guilty as charged and appeals from a judgment of imprisonment.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender James H. Gold, for defendant-appellant.*

HILL, Judge.

The State's evidence tends to show that on the morning of 16 January 1981, the physical and aquatics director for the Hayes-Taylor YMCA in Greensboro, Clarence Robinson, Jr., came in early to clean up and found the building "in a disorderly fashion." Subsequently, he discovered that certain items were missing from the YMCA. Robinson testified that all the missing items "were

not under my direct custody and control. Yes, some of the items I mentioned were taken from various parts of the YMCA." Although he did not present documents to show that the missing items were present at the YMCA and belonged to the YMCA, Robinson stated that he "used all of these items in [his] work at the YMCA."

Cheyenne Henryhand testified that he was present when defendant entered the YMCA building through an open window. He stated, "After [defendant] went in the window, he came down there and opened the door and I went in." The two thereafter plundered the building. Defendant presented no evidence.

[1] On appeal, pursuant to Rule 10(a) of the North Carolina Rules of Appellate Procedure, defendant argues that the count in the indictment charging him with larceny is fatally defective because it "fails to allege ownership of the property taken either in a natural person or a legal entity capable of owning property . . . . "

"An indictment for larceny which fails to allege the ownership of the property either in a natural person or a legal entity capable of owning property is fatally defective." *State v. Roberts,* 14 N.C. App. 648, 649, 188, S.E. 2d 610, 611 (1972). *Accord State v. Thompson,* 6 N.C. App. 64, 169 S.E. 2d 241 (1969). The indictment in the present case, quoted in pertinent part above, does not allege that "Metropolitan YMCA t/d/b/a Hayes-Taylor YMCA Branch" is a corporation or other legal entity capable of owning property; nor does the name indicate that it is a corporation, nor does it indicate a natural person. *See State v. Roberts, supra; State v. Thompson, supra.* Therefore, the larceny count in this indictment is fatally defective. The remainder of our opinion is directed to the breaking and entering count of the indictment.

[2] In his second argument, defendant contends that the trial judge erred in failing to grant his motion for a continuance in order to secure the presence of his alibi witnesses.

It is well established that a motion to continue is ordinarily addressed to the trial judge's sound discretion and his ruling thereon will not be disturbed except upon a showing that he abused that discretion. [Citations omitted.] However, when a motion to continue is based on a constitu-

tional right, the question presented is a reviewable question of law.

*State v. McFadden,* 292 N.C. 609, 611, 234, S.E. 2d 742, 744 (1977). Since the right to present one's defense is guaranteed by the Sixth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, the denial of defendant's motion in this case presents a constitutional question.

Here, defendant's counsel had subpoenaed four persons—defendant's three sisters and his girlfriend—on behalf of defendant for the preceding week, when this case originally was calendared for trial. Although they were not located, the potential witnesses told defendant they would visit him in jail the afternoon of the day the case was called for trial. The trial judge ordered the bailiff to "call the jail and tell that if the people come inquiring of [defendant] to send them over here to the courthouse immediately," and denied defendant's motion. Defendant's counsel wrote to the potential witnesses and investigated their whereabouts through the public defender's office to no avail.

Other than characterizing them as "alibi" witnesses, defendant has not shown what the potential witnesses' testimony would be, nor has defendant shown how the lack of such testimony would be prejudicial to him. In addition, there is no evidence that defendant's sisters and girlfriend would ever be present for trial. *See State v. Davis,* 38 N.C. App. 672, 248 S.E. 2d 883 (1978). We conclude that under these circumstances, and since defendant's counsel subpoenaed the potential witnesses for the preceding week and still was unable to locate them when the case was called for trial despite the additional efforts of the trial judge, denial of the motion for a continuance was not error. This assignment of error is overruled.

[3] In his next argument, defendant contends that the trial judge erred in refusing to reopen the case at his request. After the judge had concluded his charge to the jury, defendant's counsel informed the judge that he had conferred with defendant while the prosecutor was arguing to the jury and defendant then expressed a desire to testify. Defendant addressed the trial judge as follows:

See, Your Honor, at the time this happened, I had gotten the bus ticket the 10th of January and left the 14th and came back on the 17th. And that Sunday morning the police came in threatening me, talking about they are going to shoot if I didn't open the door, and a whole lot of my rights have been violated.

Defendant's counsel thereafter moved for a mistrial, which was denied.

It is well settled that ruling on a motion for mistrial in a criminal case rests largely in the trial judge's discretion. *State v. McCraw*, 300 N.C. 610, 268 S.E. 2d 173 (1980); *State v. Mills*, 39 N.C. App. 47, 249 S.E. 2d 446 (1978), *disc. rev. denied*, 296 N.C. 588, 254 S.E. 2d 33 (1979). "The judge must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings, . . . resulting in substantial and irreparable prejudice to the defendant's case." G.S. 15A-1061. Of course, it is also within the trial judge's discretion to reopen a case and hear further evidence. G.S. 15A-1226(b). *See State v. Shelton*, 53 N.C. App. 632, 281 S.E. 2d 684 (1981). However, there is no constitutional right to have a case reopened. *Id.*

The record in the present case reveals that defendant was given an opportunity to present evidence, that he was available, and that he could have been called to testify on his own behalf. When the events summarized above unfolded, defendant did not move to reopen his case, but only moved for a mistrial. Under these circumstances, the trial judge did not abuse his discretion by refusing to allow defendant to reopen his case and testify and by denying defendant's motion for a mistrial. This assignment of error is overruled.

[4] Finally, defendant argues that the trial judge expressed an opinion on defendant's guilt when he stated that Henryhand was an "accomplice." Defendant requested, but the trial judge did not give, the following instruction:

There is evidence which tends to show that the witness, Cheyenne Henryhand, was an *accomplice* in the commission of the crime charged in this case. An accomplice is a person who joins with another in the commission of a crime. The accomplice may actually take part in acts necessary to ac-

complish the crime or he may knowingly help or encourage another in the crime, either before or during its commission. An accomplice is considered by the law to have an interest in the outcome of the case. You should examine every part of the testimony of this witness with the greatest care and caution. If, after doing so, you believe his testimony in whole or in part, you should treat what you believe the same as any other believable evidence.

(Emphasis added.) The judge did instruct the jury as follows:

Now, there is evidence in this case which shows that Cheyenne Henryhand was an *accomplice* in the commission of this crime; that is, the breaking or entering and larceny from the YMCA.

An accomplice is a person who joins with another in the commission of a crime. An accomplice may actually take part in the acts necessary to accomplish the crime, or he may knowingly help or encourage another in the crime, either before or during its commission.

An accomplice is considered by law to have an interest in the outcome of the case. (And since Mr. Henryhand was an *accomplice,*) . . . you should examine every part of his testimony with the greatest care and caution.

(Emphasis added.)

By his own testimony, Henryhand was an admitted accomplice. We agree with the State that there is only a slight difference in the requested instruction and the instruction given by the trial judge. There is no error in the instruction given. This assignment of error likewise is without merit.

For the above reasons, our disposition of this case is as follows:

As to the count of larceny, judgment is

Arrested.

As to the count of breaking and entering, we find

No Error.

Judges HEDRICK and BECTON concur.