STATE OF NORTH CAROLINA v. MYRNA SILVER WOODY, Defendant

No. COA98-626

(Filed 6 April 1999)

**Indictment and Information— conversion—corporate victim— identity not sufficiently alleged**

An indictment for conversion by a bailee was fatally defective and could not support either a felony or misdemeanor conviction where the indictment alleged that the property belonged to "P&R Unlimited." While "ltd." or "limited" are proper corporate identi-fiers, "unlimited" is not a term capable of notifying a criminal defendant either directly or by clear import that the victim is a legal entity capable of holding property. The indictment also fails to name the persons composing a partnership. The exception in *State v. Wooten*, 18 N.C.App. 652, for the shoplifting statute does not apply to this statute.

Appeal by defendant from judgment entered 10 February 1998 by Judge Forrest Bridges in Mitchell County Superior Court. Heard in the Court of Appeals 22 February 1999.

*Michael F. Easley, Attorney General, by Daniel D. Addison, Assistant Attorney General, for the State.*

*The Law Offices of Wesley E. Starnes, by Wesley E. Starnes, for defendant-appellant.*

EDMUNDS, Judge.

During 1990, defendant worked for Tandy Computers and was responsible for leasing a Tandy 3000 computer and movie-rental inventory software to P&R Unlimited, Incorporated (P&R, Inc.). P&R, Inc. was formed with two shareholders, Patrick Phillips and Mark Robinson for the purpose of operating "P&R Unlimited," a conve-nience store. Defendant subsequently began working elsewhere, but she continued to service the computer that P&R, Inc. had leased from

Tandy. Phillips later purchased Robinson's shares in P&R, Inc., and at trial he referred to the resulting business as a partnership.

Prior to 15 May 1994, defendant picked up the computer from Phillips' store for service. Phillips has not since seen the computer. Phillips made several unavailing attempts to contact defendant and inquire about the computer. On one occasion when he spoke with defendant, she told him she had taken his computer to Radio Shack in Asheville; however, the records at that store did not show delivery of a computer by defendant.

On 21 April 1997, the grand jury returned a true bill of indictment against defendant for conversion by a bailee, pursuant to N.C. Gen. Stat. § 14-168.1 (1993). The indictment alleged the converted property belonged to "P& R unlimited." When the matter was called for trial on 10 February 1998, the State noted a problem with the indictment and proposed that defendant sign a bill of information. After consulting with her attorney, defendant declined to sign, and the State proceeded to trial on the original indictment. The trial court instructed the jury on both felony and misdemeanor conversion, and the jury found defendant guilty of the felony. Upon defendant's motion to set aside the verdict, the trial court arrested judgment as to the felony charge and entered judgment for misdemeanor conversion by a bailee. Defendant received a two-year suspended sentence and was placed on supervised probation for three years. As a condition of probation, defendant was ordered to serve six months in county jail and pay the victim $3,500 restitution. From this judgment, defendant appeals. We vacate the judgment.

Defendant was charged and tried pursuant to section 14-168.1, which states in relevant part:

> Every person entrusted with any property as bailee, lessee, tenant or lodger, or with any power of attorney for the sale or transfer thereof, who fraudulently converts the same, or the proceeds thereof, to his own use, or secretes it with a fraudulent intent to convert it to his own use, shall be guilty of a misdemeanor.

N.C. Gen. Stat. § 14-168.1 (1993). This crime, like larceny and embezzlement, occurs when a defendant offends the ownership rights of another. The statute applies to certain specified relationships involving an owner of property and a non-owner, e.g., bailee, lessee, and tenant. Moreover, an essential component of the crime is the intent to

convert or the act of conversion, which by definition requires proof that someone other than a defendant owned the relevant property. Because the State is required to prove ownership, a proper indictment must identify as victim a legal entity capable of owning property. An indictment that insufficiently alleges the identity of the victim is fatally defective and cannot support conviction of either a misdemeanor or a felony.

Defendant argues that the indictment in this case was fatally defective because it improperly alleged ownership of property converted. We agree. Our Supreme Court has stated, "Where an indictment charges the defendant with a crime against someone other than the actual victim, such a variance is fatal." *State v. Abraham*, 338 N.C. 315, 340, 451 S.E.2d 131, 144 (1994) (citing *State v. Bell*, 270 N.C. 25, 153 S.E.2d 741 (1967)). The *Abraham* Court also stated that misidentifying the victim in the indictment "required the State to prove injury to someone other than the true victim." *Id.* (citing *State v. Overman*, 257 N.C. 464, 125 S.E.2d 920 (1962)). The *Abraham* Court relied in part on *State v. Harper*, 64 N.C. 129, 131 (1870), which stated, "[a] variance or omission in the name of the person injured, is more serious than a variance in the name of the defendant . . . ."

Where the victim is not an individual, our Supreme Court has additionally held that if there was no allegation that the victim was a legal entity capable of owning property, the bill of indictment is fatally defective. *See State v. Thornton*, 251 N.C. 658, 662, 111 S.E.2d 901, 904 (1960). In *Thornton*, the defendant was charged with embezzlement from "The Chuck Wagon." In arresting judgment, our Supreme Court held that the victim's name must be given, along with "the fact that it is a corporation . . . unless the name itself imports a corporation." *Id.* at 662, 111 S.E.2d at 903 (citing *Nickles v. State*, 86 Ga. App. 290, 71 S.E.2d 578 (1952)); *see also State v. Strange*, 58 N.C. App. 756, 294 S.E.2d 403, *disc. review denied*, 307 N.C. 128, 297 S.E.2d 403 (1982) (holding an indictment for larceny from "Granville County Law Enforcement Association" insufficient); *State v. Perkins*, 57 N.C. App. 516, 291 S.E.2d 865 (1982) (indictment for larceny from "Metropolitan YMCA t/d/b/a Hayes-Taylor YMCA Branch" insufficient); *State v. Ellis*, 33 N.C. App. 667, 236 S.E.2d 299 (holding an indictment for embezzlement adequate by naming "Providence Finance Company," which clearly imported a corporation), *disc. review denied*, 293 N.C. 255, 236 S.E.2d 708 (1977); *State v. Roberts*, 14 N.C. App. 648, 188 S.E.2d 610 (1972) (indictment for larceny from "Ken's Quickie Mart" insufficient); *State v. Thompson*, 6 N.C. App. 64,

169 S.E.2d 241 (1969) (indictment for larceny from "Belk's Department Store" insufficient). A variant of the same rule applies for partnerships. "If the property alleged to have been stolen . . . is the property of a partnership, or other *quasi* artificial person, the names of the persons composing the partnership, or *quasi* artificial person, should be given." *Thornton*, 251 N.C. at 662, 111 S.E.2d at 903.

The State argues that in the indictment, the word "unlimited" sufficiently connotes the proper legal status of the victim. We disagree. While the abbreviation "ltd." or the word "limited" is a proper corporate identifier, *see* N.C. Gen. Stat. § 55-4-01 (Cum. Supp. 1997), "unlimited" enjoys no such status. It is not a term capable of notifying a criminal defendant either directly or by clear import that the victim is a legal entity capable of holding property. "Unlimited" is of no more significance than was the term "association," found in *Strange*. The indictment also fails to name persons composing a partnership. In short, the indictment lacks any indication of the legal ownership status of the victim.

An exception to the general rule may be found in *State v. Wooten*, 18 N.C. App. 652, 197 S.E.2d 614, *cert. denied*, 283 N.C. 758, 198 S.E.2d 728 (1973), a shoplifting case brought under N.C. Gen. Stat. § 14-72.1 (1971). We held in *Wooten* that the trial court did not err where the warrant alleged merchandise had been concealed on the premises of "Kings Dept. Store." The Court reasoned that, under the shoplifting statute, the only victim could be a store, and that the statute did not "cover property in a residence, bank, school or church . . . ." *Id.* at 655, 197 S.E.2d at 615. Because the victim could only be a "store," this Court concluded that the shoplifting statute did not require the State to include the victim's corporate status in the warrant. We find that *Wooten* does not apply to the offenses covered by N.C. Gen. Stat. § 14.168.1 (1993). In comparison with the narrow scope of the concealment statute, the General Assembly drafted section 14-168.1 with broad and sweeping language covering many classes of victims. Therefore, as with larceny and embezzlement, applying the policy of strictly construing indictments is appropriate here. By insufficiently alleging the identity of the victim, the indictment was fatally defective, and could not support either a felony or misdemeanor conviction. Accordingly, the judgment of the trial court is vacated.

In light of this result, we need not address the other issues raised by the parties.

**MIDDLETON v. RUSSELL GRP., LTD.**

[132 N.C. App. 792 (1999)]

Judgment vacated.

Chief Judge EAGLES and Judge WYNN concur.