STATE OF NORTH CAROLINA v. KEVIN WAYNE PHILLIPS

No. COA03-364

(Filed 17 February 2004)

**1. Indictment and Information— fatal defect—raised at any time**

The question of a fatal defect in an indictment was properly before the Court of Appeals even though it was raised for the first time on appeal.

**2. Larceny— indictment—allegation of ownership—insufficient**

Indictments were fatally defective where Count I of each alleged larceny from "Parker's Marine," did not allege that Parker's Marine was a legal entity capable of ownership, and did not incorporate by reference information about Parker's Marine in Count II. Each count should be complete in itself, although allegations in another count may be incorporated by reference.

Appeal by defendant from judgments entered 20 September 2002 by Judge Michael E. Beale in Richmond County Superior Court. Heard in the Court of Appeals 14 January 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Grady L. Balentine, Jr., for the State.*

*Osborn & Tyndall, P.L.L.C., by Amos Granger Tyndall, for defendant-appellant.*

CALABRIA, Judge.

Kevin Wayne Phillips ("defendant") was arrested and indicted on five counts each of felonious possession of stolen property and felonious larceny based upon his alleged involvement in the theft of five four-wheelers in early December 2001 from Parker's Marine and Outdoors. Defendant was separately indicted for having attained the status of habitual felon. At trial, defendant moved to dismiss the charges at the close of the State's case and specifically argued as to one of the larceny charges that it should be dismissed on the grounds that one of the stolen four-wheelers did not belong to the dealership and there had been no testimony concerning permission by the owner to take it. The trial court denied defendant's motion. Defendant presented no evidence and renewed his motions to dismiss, which the trial court again denied. After the jury returned verdicts of guilty on all charged counts, defendant pled guilty to having attained the status of habitual felon. The trial court arrested judgment on the five counts of felonious possession of stolen property and consolidated four of the five counts of felonious larceny into a single judgment. On the remaining count and the consolidated counts of felonious larceny, the trial court sentenced defendant to two consecutive terms of 167 to 210 months' imprisonment.

[1] On appeal, we consider only defendant's assertion that the trial court erred in failing to dismiss the larceny charges due to defects in the indictments. Specifically, defendant contends the indictments are fatally defective in charging felonious larceny because they lack sufficient indication of the four-wheelers' legal ownership. While defendant failed to contest the sufficiency of the indictments on this ground before the trial court, it is well established that, when a fatal defect is present in the indictment charging the offense, "a motion in arrest of judgment may be made at any time in any court having jurisdiction over the matter, even if raised for the first time on appeal." *State v. Wilson*, 128 N.C. App. 688, 691, 497 S.E.2d 416, 419 (1998). Accordingly, this issue is properly before the Court.

[2] "To be sufficient, an indictment for larceny must allege the owner or person in lawful possession of the stolen property." *State v.*

*Downing*, 313 N.C. 164, 166, 326 S.E.2d 256, 258 (1985). If the entity named in the indictment is not a person, it must be alleged "that the victim was a legal entity capable of owning property[.]" *State v. Woody*, 132 N.C. App. 788, 790, 513 S.E.2d 801, 803 (1999). "An indictment that insufficiently alleges the identity of the victim is fatally defective and cannot support conviction of either a misdemeanor or a felony." *Id.*

In the instant case, a separate indictment was handed down by the Richmond County Grand Jury for each of the five four-wheelers stolen. Count I of each indictment involved the larceny of a four-wheeler and identified it as "the personal property of Parker's Marine." Parker's Marine is not an individual. Moreover, count I fails to allege that Parker's Marine was a legal entity capable of ownership. As we have previously held, "[b]ecause the indictment lacks any indication of the legal ownership status of the victim (such as identifying the victim as a natural person or a corporation), it is fatally defective and cannot support defendant's conviction." *State v. Norman*, 149 N.C. App. 588, 593, 562 S.E.2d 453, 457 (2002). Accordingly, we must vacate the judgments entered on the counts of felonious larceny.

The State contends count II in each indictment states Parker's Marine is a "person, corporation, and other legal entity," and the two counts should be read together. We disagree. "[I]t is settled law that each count of an indictment containing several counts should be complete in itself. It is also settled that allegations in one count may be incorporated by reference in another count." *State v. Moses*, 154 N.C. App. 332, 336, 572 S.E.2d 223, 226-27 (2002) (internal citations and quotation marks omitted). In the instant case, count I in the indictment is neither complete in itself for failure to identify the victim as a legal entity capable of ownership, nor does count I incorporate by reference information contained in count II.

The State asserts, for preservation of the issue, that the appropriate analysis for a fatally defective indictment is to determine whether the error was harmless. We have previously rejected this analysis in favor of our standing precedent. *State v. Partridge*, 157 N.C. App. 568, 570, 579 S.E.2d 398, 399, *disc. rev. improvidently allowed*, 357 N.C. 572, —— S.E.2d —— (2003). We hold accordingly.

Vacated.

Judges BRYANT and ELMORE concur.