ELMORE, Judge.
Antonio Brown (defendant) was convicted by a jury of felony larceny on 16 August 2005 and was sentenced to serve fifteen to eighteen months in prison. It is from this conviction that he appeals.
Defendant and two other men entered the Smoker Friendly Store in Dunn on 5 December 2004. They immediately began asking the store clerk, Tina Honeycutt, about the prices of cigarettes. Defendant approached Honeycutt, who was standing at the counter and working alone that evening, while the other men went to the back of the store where the cigarettes were kept. Defendant requested a money order for $125.00 and a pack of cigarettes. Honeycutt sold him two packs of Newports for $5.00, after which defendant rejoined his companions. The three men left the store and then returned a few moments later, at which time defendant attempted to sell Honeycutt some jewelry, alleging that she should buy it because she had "been wrong to [her] man." Honeycutt declined the offer, and defendant rejoined his companions at the back of the store. A videotape of the incident shows the three men taking cartons of cigarettes from the shelves at the back of the store. The three men then walked out and as defendant was leaving, he said "You'll be sorry." Honeycutt testified that, "He looked at me and smiled and said, `You'll be sorry.' I'll never forget that. That's implanted onto my brain."
After the men left, Honeycutt contacted her manager, who determined that 52 cartons of cigarettes, with a total value of approximately $1,400.00, were missing.
During the investigation on 16 February 2005, Honeycutt was shown a photographic lineup, from which she identified defendant. Rather than using a traditional "mug book," the detective used a computer program that displays individual photos, rather than an array of six or eight, on the screen. When setting up the photo display, the detective chose a broad category of "black males" for the photo database and then inserted defendant's photograph into the virtual lineup. The computer then randomly selected and displayed photographs from that database. By clicking the screen, the detective was able to advance from one photograph to the next. Defendant's photograph had been inserted into the photo array and appeared within the first four to eight photographs. When defendant's *750 picture appeared on the screen, Honeycutt immediately and without hesitation pointed to him on the screen and said, "`That's him' or `That's the man, right there.'" She then commented, "`I'll never forget that smile ... I'll never forget it.'"
The detective testified that he did not suggest to Honeycutt who she should choose, or who was a suspect. He did not reveal any of the men's identities, including defendant's. He purposefully selected only black men to display alongside defendant's photograph because defendant is a black man. Defense counsel objected to the use of this identification because the State could not show the trial court which photographs were used in the virtual lineup. The judge conducted voir dire, and eventually overruled the objection, but asked that the State lay additional foundation in front of the jury.
At the close of the State's case-in-chief, defense counsel moved to suppress evidence generated by the virtual lineup. The trial judge denied this motion without making any findings of fact or conclusions of law.
Defendant first argues that the trial court erred by denying defendant's motion to dismiss at the close of evidence because of a defect in the indictment. The indictment states that the missing cartons of cigarettes were the personal property of "Smoker Friendly Store, Dunn, North Carolina." "To be sufficient, an indictment for larceny must allege the owner or person in lawful possession of the stolen property. If the entity named in the indictment is not a person, it must be alleged `that the victim was a legal entity capable of owning property[.]'" State v. Phillips, 162 N.C.App. 719, 721, 592 S.E.2d 272, 273 (2004) (internal citations and quotations omitted) (alteration in original). The indictment at issue here did not specify that "Smoker Friendly Store, Dunn, North Carolina" was a legal entity capable of owning property.
We need progress no further in our analysis, however, because defendant failed to preserve this issue for appellate review. "[This Court's] scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal...." N.C.R.App. P. 10(a) (2007). Defendant did not assign the alleged defect in the indictment as error in the record on appeal. Although defendant, in his brief, argues that this issue falls within the rubric of assignment of error No. 1, we find no mention of the indictment there. The first assignment of error reads, in full, "The trial court's denial of defendant's motion to dismiss the charge made at the close of all the evidence, on the grounds that the evidence was insufficient to support a finding of guilty of Class H felonious larceny." This assignment of error gives no indication that defendant objects to the indictment and put neither the State nor this Court on notice as to defendant's argument. This issue is not properly preserved for appellate review and is, therefore, dismissed.
Defendant next contends that the trial judge erred by denying defendant's motion to suppress all evidence related to the photo lineup that was presented to Honeycutt. Defendant argues that the procedure "was designed to thwart all efforts to determine that the lineup was impermissibly suggestive ...." We acknowledge defendant's constitutional concerns, but find no error in the judge's ruling because defendant fails to carry his burden of proof. Although the actual photo lineup was not preserved or available for review at trial, this does not make the lineup per se impermissibly suggestive. With regard to impermissibly suggestive identifications, our Supreme Court has held:
Even though a pretrial identification procedure may be suggestive, it will be impermissibly suggestive only if all the circumstances indicate that the procedure resulted in a very substantial likelihood of irreparable misidentification. The factors to be considered in evaluating the likelihood of irreparable misidentification include: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation.
*751 State v. Harris, 308 N.C. 159, 164, 301 S.E.2d 91, 95 (1983) (citation omitted). Here, the circumstances do not indicate that the procedure resulted in any likelihood of misidentification, irreparable or otherwise. Applying the Harris factors to this case, it is clear that Honeycutt had approximately ten minutes to view defendant at the crime, from a distance of four to five feet; Honeycutt was conversing with defendant and thus was focusing her attention on him; and when presented with defendant's photograph, Honeycutt was absolutely certain that he was the same man she saw in her store that day.
The Harris court also stated that "[i]n the absence of any evidence tending to show that the original book of photos was not available because of a `cover-up,' we decline to endorse a presumption that the reason the book was unavailable was due to police misconduct." Id. Defendant has presented no evidence that shows the computer array was unavailable because of any police misconduct. Although preserving a record of which photographs were shown to witnesses while viewing these virtual mug books would certainly ease any constitutional concerns in a more questionable case, here it is apparent that the procedure resulted in no irreparable misidentification and was undertaken with proper motive.
Finally, defendant argues that the trial court erred by not making any findings of fact to support its determination that the virtual photo lineup was admissible. This argument is also without merit.
This Court has held that when a trial court denies a defendant's motion to suppress a photographic identification, but fails to make findings of fact to support that decision, this Court may look to the entire record to determine whether the identification procedure was impermissibly suggestive. State v. Thompson, 110 N.C.App. 217, 222, 429 S.E.2d 590, 593 (1993). We have already determined that the identification procedure was not impermissibly suggestive, and accordingly overrule defendant's final argument.
For the reasons cited above, we find that the defendant received a fair trial free from error.
No error.
Judges HUNTER and McCULLOUGH concur.