IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-400

 Filed: 2 January 2018

Mecklenburg County, No. 14 JB 363

IN THE MATTER OF:

 J.B.

 Appeal by juvenile from orders entered 16 August 2016 by Judge David H.

Strickland in Mecklenburg County District Court. Heard in the Court of Appeals 16

October 2017.

 Attorney General Joshua H. Stein, by Assistant Attorney General Brent D.
 Kiziah, for the State.

 Geeta N. Kapur, for juvenile-appellant.

 CALABRIA, Judge.

 Where the juvenile conceded the fact that the school was an entity capable of

owning property, and the State presented evidence that the school in fact owned the

damaged property, the trial court did not err in denying the juvenile’s motion to

dismiss. Where the 10-day detention to which the trial court sentenced the juvenile,

as a Level 2 offender, was for a period of confinement beyond the limits of the statute

pursuant to which the juvenile was sentenced, the trial court erred in its sentence.

Further, where the trial court failed to sentence the juvenile, as a Level 2 offender,

to an intermediate disposition as mandated by N.C. Gen. Stat. § 7B-2508(d), the trial
 IN RE: J.B.

 Opinion of the Court

court erred in violation of a statutory mandate. We affirm in part, but remand for

resentencing.

 I. Factual and Procedural Background

 On 24 March 2016, J.B. (“the juvenile”) 1, a twelve-year-old student, was in a

classroom in Lincoln Heights Academy in Charlotte, North Carolina. During the

class, the juvenile became upset and agitated, and pushed a number of things

including, inter alia, a computer and Hewlett Packer printer from the teacher’s desk

onto the floor. The computer was not damaged but the printer was damaged, and

eventually replaced.

 On 3 June 2016, a juvenile petition for delinquency was filed, alleging that the

juvenile had committed the offense of injury to personal property by “damag[ing] a

printer and computer after pushing it off the teachers [sic] desk[.]” During the

subsequent proceeding, at the close of the State’s evidence, the juvenile moved to

dismiss the petition. This motion was denied. The juvenile presented no evidence.

 On 16 August 2016, the juvenile was found liable for a class 2 misdemeanor,

injury to personal property, and adjudicated delinquent. The trial court considered

the juvenile’s prior misdemeanor adjudications, and that same day, entered a

disposition order, sentencing the juvenile as a Level 2 offender and ordering the

 1 This pseudonym is used to protect the privacy of the juvenile and for ease of reading.

 -2-
 IN RE: J.B.

 Opinion of the Court

juvenile to serve 10 days’ detention in the custody of the Sheriff of Mecklenburg

County.

 From the adjudication and disposition orders, the juvenile appeals.

 II. Motion to Dismiss

 In his first argument, the juvenile contends that the trial court erred in

denying his motion to dismiss. We disagree.

 A. Standard of Review

 “This Court reviews the trial court’s denial of a motion to dismiss de novo.”

State v. Smith, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

 “ ‘Upon defendant’s motion for dismissal, the question for the Court is whether

there is substantial evidence (1) of each essential element of the offense charged, or

of a lesser offense included therein, and (2) of defendant’s being the perpetrator of

such offense. If so, the motion is properly denied.’ ” State v. Fritsch, 351 N.C. 373,

378, 526 S.E.2d 451, 455 (quoting State v. Barnes, 334 N.C. 67, 75, 430 S.E.2d 914,

918 (1993)), cert. denied, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). “In reviewing

challenges to the sufficiency of evidence, we must view the evidence in the light most

favorable to the State, giving the State the benefit of all reasonable inferences.” Id.

at 378-79, 526 S.E.2d at 455.

 B. Analysis

 -3-
 IN RE: J.B.

 Opinion of the Court

 At trial, the State presented only one witness, Star Kelly (“Kelly”), a “teacher-

assistant” at Lincoln Heights Academy, who was present in the classroom during the

juvenile’s outburst. At the close of the State’s evidence, the juvenile moved to dismiss.

Specifically, the motion to dismiss alleged that (1) there was no evidence presented

that the damage caused by the juvenile exceeded $200, and (2) there was no evidence

that the owner of the property was the Charlotte-Mecklenburg Board of Education.

 In response to the juvenile’s motion, the State first noted that “the value of the

damage that was allegedly done here, that is not actually an element of the offense.”

The State next noted, with respect to ownership of the printer:

 [W]hat we do have is a witness who testified in her six
 years at Lincoln Heights. She has knowledge that these
 printers are provided to the teachers. There’s one in every
 single classroom. She testified that while it was not hers,
 she spoke – I’m sorry, let me back up -- she testified that
 this was not hers; that it belonged to CMS and is provided
 to each teacher for every classroom, and that when this
 printer was damaged, she was provided a second one from
 someone at Lincoln Heights for CMS.

 So I think it’s sufficiently clear, Your Honor, as an
 employee of CMS that this printer belongs to that school,
 and we have produced sufficient evidence to surpass the
 motion to dismiss stage.

The trial court then denied the motion to dismiss.

 On appeal, the juvenile contends that this was error. Specifically, the juvenile

argues that the petition failed to allege that the school was an entity capable of

 -4-
 IN RE: J.B.

 Opinion of the Court

owning property, and that the evidence at trial did not prove who owned the damaged

printer.

 First, the juvenile contends that the petition failed to allege that the school

was an entity capable of owning property.

 “To be sufficient, an indictment for larceny must allege the
 owner or person in lawful possession of the stolen
 property.” State v. Downing, 313 N.C. 164, 166, 326 S.E.2d
 256, 258 (1985). If the entity named in the indictment is
 not a person, it must be alleged “that the victim was a legal
 entity capable of owning property[.]” State v. Woody, 132
 N.C. App. 788, 790, 513 S.E.2d 801, 803 (1999). “An
 indictment that insufficiently alleges the identity of the
 victim is fatally defective and cannot support conviction of
 either a misdemeanor or a felony.” Id.

State v. Phillips, 162 N.C. App. 719, 720-21, 592 S.E.2d 272, 273 (2004).

 The juvenile contends that the petition in the instant case identified the owner

of the damaged property as “Charlotte Mecklenburg Board of Education[.]” The

juvenile contends that, pursuant to statute, the owner should instead have been

identified as “The Charlotte-Mecklenburg County Board of Education,” and that the

failure to identify the Board as such was fatal to the action. See N.C. Gen. Stat. §

115C-40 (2015).

 Unfortunately, the juvenile has already acknowledged that the Board of

Education was properly identified as a corporate body that can own property. At

trial, during the motion to dismiss, counsel made the following observation:

 Secondly, the petition alleges that the owner of the

 -5-
 IN RE: J.B.

 Opinion of the Court

 property was the Charlotte-Mecklenburg Board of
 Education. That is a body corporate under North Carolina
 Education statutes. So, therefore, it is an entity capable of
 owning property.

(Emphasis added.) Counsel later observed:

 One of the elements of damage to property is that the State
 has to appropriately allege the corporate body or natural
 person that can own the property. They correctly alleged
 that here, . . .

(Emphasis added.) It is clear, then, that the juvenile has already acknowledged that

the Board was correctly identified as a body capable of owning property.

 Nor did the juvenile actually dispute this point at trial. The argument with

respect to the motion to dismiss concerned (1) the value of the damage, and (2) the

fact that there was no proof that the Board of Education owned the damaged property.

At trial, the juvenile failed to raise an argument that the Board was not an entity

capable of owning property, and in fact readily conceded the point. A contention not

raised at the trial court may not generally be raised for the first time on appeal. See

N.C.R. App. P. 10(a)(1) (“In order to preserve an issue for appellate review, a party

must have presented to the trial court a timely request, objection, or motion, . . .”).

Since the juvenile did not raise this argument at trial, and in fact conceded the point,

we hold that this argument is not properly before us.

 Next, the juvenile contends that the State presented insufficient evidence as

to the identity of the owner of the damaged property. As the State noted, however,

 -6-
 IN RE: J.B.

 Opinion of the Court

Kelly testified that the printer was owned by the school. She said that “Ms. Lucie,

[the] secretary downstairs” brought the printer to her. She said that computers and

printers are “supplied by the school.”

 The juvenile contends that the State should have presented more concrete

evidence of the school’s ownership of the printer. However, that is an argument that

goes to the weight and credibility of the evidence. On our review, we are instead

required to “view the evidence in the light most favorable to the State, giving the

State the benefit of all reasonable inferences.” Fritsch, 351 N.C. at 378-79, 526 S.E.2d

at 455. Viewing the evidence in the light most favorable to the State, it is clear that

the school supplied computers and printers to the teachers, and that those computers

and printers were therefore the property of the school, and by extension the Board of

Education. Accordingly, giving the State the benefit of all reasonable inferences, we

hold that the State presented evidence that the school owned the damaged property.

The trial court did not err in denying the juvenile’s motion to dismiss.

 III. Sentencing

 In his second argument, the juvenile contends that the trial court erred in

sentencing him to 10 days’ confinement. We agree in part.

 A. Standard of Review

 “On appeal, we will not disturb a trial court’s ruling regarding a juvenile’s

disposition absent an abuse of discretion, which occurs when the trial court’s ruling

 -7-
 IN RE: J.B.

 Opinion of the Court

is so arbitrary that it could not have been the result of a reasoned decision.” In re

J.B., 172 N.C. App. 747, 751, 616 S.E.2d 385, 387, aff'd per curiam, 360 N.C. 165, 622

S.E.2d 495 (2005) (citation and quotation marks omitted).

 “Issues of statutory construction are questions of law, reviewed de novo on

appeal. Under a de novo review, the Court considers the matter anew and freely

substitutes its own judgment for that of the lower tribunal.” State v. Coakley, 238

N.C. App. 480, 492, 767 S.E.2d 418, 426 (2014) (citation and quotation marks

omitted).

 B. Analysis

 The trial court found the juvenile to be a Level 2 offender, and sentenced him

to 10 days in the custody of the Sheriff of Mecklenburg County. On appeal, the

juvenile contends that this was an error of law, in that a statutory mandate limited

the juvenile’s detention. Specifically, the juvenile cites N.C. Gen. Stat. § 7B-2506(12)

(2015), which states that “[c]onfinement shall be limited to not more than five 24-

hour periods, the timing of which is determined by the court in its discretion.” The

juvenile contends that this statutory limit was exceeded by the trial court, and that

this constituted an error of law.

 We hold that the juvenile is correct in part. The disposition authorized by N.C.

Gen. Stat. § 7B-2506(12) is explicit, and the 10-day disposition imposed by the trial

court exceeds the five days authorized by that subsection. We note, however, that

 -8-
 IN RE: J.B.

 Opinion of the Court

N.C. Gen. Stat. § 7B-2506, which lists dispositional alternatives for delinquent

juveniles, specifically provides that its sentencing alternatives must be used “in

accordance with the dispositional structure set forth in G.S. 7B-2508[.]” N.C. Gen.

Stat. § 7B-2506. Pursuant to the language of N.C. Gen. Stat. § 7B-2506, these two

provisions must be read together.

 The offense at issue, destruction of personal property, was classified as

“minor.” The juvenile’s history of delinquency was classified as “high.”2 Pursuant to

N.C. Gen. Stat. § 7B-2508(f) (2015), the juvenile could only be sentenced to a Level 2

disposition. N.C. Gen. Stat. § 7B-2508 further provides that, where a juvenile is

subject to a Level 2 disposition, the trial court may order “any of the dispositional

alternatives contained in subdivisions (1) through (23) of G.S. 7B-2506, but shall

provide for at least one of the intermediate dispositions authorized in subdivisions

(13) through (23) of G.S. 7B-2506.” N.C. Gen. Stat. § 7B-2508(d) (emphasis added).

 As the State acknowledges, the trial court used an outdated preprinted

disposition order form. The form used did not include a dispositional option citing

N.C. Gen. Stat. § 7B-2506(20), which authorizes a confinement period of up to

fourteen days. The court checked a box stating “Intermittent Confinement [N.C.G.S.

 2 While the trial court’s juvenile disposition order lists the juvenile’s delinquency history as
“low,” the delinquency history worksheet, which tabulates the juvenile’s prior history points, correctly
notes that his history is “high.” We hold that the trial court’s juvenile disposition order, which lists
the juvenile’s history as “low,” constituted a mere clerical error, and rely on the worksheet, which is
correctly supported.

 -9-
 IN RE: J.B.

 Opinion of the Court

§ 7B-2506(12)],” and added the handwritten notation “10 days detention.”

Notwithstanding the fact that the ten-day detention exceeds the intermittent

confinement authorized by N.C. Gen. Stat. § 7B-2506(12), the trial court was required

to order another (or an additional) disposition. Namely, the trial court was required

to impose at least one of the dispositional alternatives found in N.C. Gen. Stat. §§ 7B-

2506(13)-(23). Its failure to do so constituted a violation of the statutory mandate of

N.C. Gen. Stat. § 7B-2508(d), and was reversible error. See In re Z.T.B., 170 N.C.

App. 564, 569, 613 S.E.2d 298, 300 (2005) (holding that “[t]he use of the word ‘shall’

by our Legislature has been held by this Court to be a mandate, and the failure to

comply with this mandate constitutes reversible error”).

 Accordingly, the trial court erred as a matter of law in sentencing the juvenile

to ten days of detention pursuant to N.C. Gen. Stat. § 7B-2506(12), and we remand

for resentencing. On remand, while the trial court may require that the juvenile

serve as many as five days of intermittent confinement under N.C. Gen. Stat. § 7B-

2506(12), it must provide at least one of the mandatory dispositional alternatives

found in N.C. Gen. Stat. §§ 7B-2506(13)-(23), and explicitly identify the statutory

basis or bases for the sentence imposed.

 AFFIRMED IN PART, REMANDED IN PART.

 Chief Judge McGEE concurs.

 Judge DILLON concurs in part and dissents in part in separate opinion.

 - 10 -
 No. COA17-400 – IN RE J.B.

 DILLON, Judge, concurring in part and dissenting in part.

 I concur in the majority’s conclusion to reject the juvenile’s argument

concerning the proof of ownership of the property which was allegedly damaged by

the juvenile.

 With respect to the juvenile’s argument concerning the State’s failure to plead

in the petition that the owner was an entity capable of owning property, I recognize

that for purposes of an indictment, such a mistake could be raised for the first time

on appeal. However, I conclude that the owner’s capability of owning property does

not need have been pleaded with the same specificity as in an indictment. See State

v. Jones, ___ N.C. App. ___, ___, 805 S.E.2d 701, 705 (2017) (holding that a citation

for a misdemeanor need not plead each element with the same specificity as required

for an indictment).

 I dissent, however, from the majority’s conclusion that the matter needs to be

remanded for resentencing. Here, the trial court sentenced the juvenile to an

intermittent confinement. Under Section 7B-2506 of the North Carolina General

Statutes, a confinement of up to 5 days is considered a level 1 disposition under

subsection (12), and a confinement of up to 14 days is considered a level 2 disposition

under subsection (20). N.C. Gen. Stat. § 7B-2506 (2015).

 Here, as the majority points out, the trial court properly determined that the

juvenile was a level 2 offender. I conclude that the trial court in the present case
 IN RE J.B.

 DILLON, J., concurring in part and dissenting in part

acted properly in sentencing the juvenile to a level 2 disposition by sentencing the

juvenile to 10 days of intermittent confinement.

 The “error” cited by the majority is, in reality, simply clerical. Specifically, the

version of the pre-printed AOC judgment form used by the trial court contains only

one place where the judge can select an intermittent confinement as a disposition:

 Intermittent Confinement. [N.C.G.S. 7B-2506(12).] The juvenile be
 confined on an intermittent basis in an approved detention facility as
 follows: _____________________.

Here, the trial judge checked the box and wrote in “10 days detention,” an appropriate

level 2 disposition for a level 2 offender under G.S. 7B-2506(20). The “error,” though,

is that the form cites to subsection (12), which provides for the level 1 intermittent

confinement disposition. The pre-printed form does not expressly cite to subsection

(20) of G.S. 7B-2506.

 I conclude that the trial judge’s intent to sentence the juvenile to a 10-day

confinement, an appropriate disposition for a level 2 offender, is clear: the judge

wrote in “10 days detention.” Of course, it would be better if the pre-printed form

cited to both G.S. 7B-2506(12) and to G.S. 7B-2506(20). My vote is to affirm the order

of the trial court but remand that matter to fix the clerical error to delete the reference

to subsection (12) of G.S. 7B-2506 on the pre-printed form.

 2