CALABRIA, Judge.
*300 Where the juvenile conceded the fact that the school was an entity capable of owning property, and the State presented evidence that the school in fact owned the damaged property, the trial court did not err in denying the juvenile's motion to dismiss. Where the 10-day detention to which the trial court sentenced the juvenile, as a Level 2 offender, was for a period of confinement beyond the limits of the statute pursuant to which the juvenile was sentenced, the trial court erred in its sentence. Further, where the trial court failed to sentence the juvenile, as a Level 2 offender, to an intermediate disposition as mandated by N.C. Gen. Stat. § 7B-2508(d), the trial court erred in violation of a statutory mandate. We affirm in part, but remand for resentencing.
I. Factual and Procedural Background
On 24 March 2016, J.B. ("the juvenile")[1] , a twelve-year-old student, was in a classroom in Lincoln Heights Academy in Charlotte, North Carolina. During the class, the juvenile became upset and agitated, and pushed a *355 number of things including, inter alia , a computer and Hewlett Packer printer from the teacher's desk onto the floor. The computer was not damaged but the printer was damaged, and eventually replaced. *301 On 3 June 2016, a juvenile petition for delinquency was filed, alleging that the juvenile had committed the offense of injury to personal property by "damag[ing] a printer and computer after pushing it off the teachers [sic] desk[.]" During the subsequent proceeding, at the close of the State's evidence, the juvenile moved to dismiss the petition. This motion was denied. The juvenile presented no evidence.
On 16 August 2016, the juvenile was found liable for a class 2 misdemeanor, injury to personal property, and adjudicated delinquent. The trial court considered the juvenile's prior misdemeanor adjudications, and that same day, entered a disposition order, sentencing the juvenile as a Level 2 offender and ordering the juvenile to serve 10 days' detention in the custody of the Sheriff of Mecklenburg County.
From the adjudication and disposition orders, the juvenile appeals.
II. Motion to Dismiss
In his first argument, the juvenile contends that the trial court erred in denying his motion to dismiss. We disagree.
A. Standard of Review
"This Court reviews the trial court's denial of a motion to dismiss de novo ." State v. Smith , 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).
" 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' " State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting State v. Barnes , 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) ), cert. denied , 531 U.S. 890, 121 S.Ct. 213, 148 L.Ed. 2d 150 (2000). "In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." Id . at 378-79, 526 S.E.2d at 455.
B. Analysis
At trial, the State presented only one witness, Star Kelly ("Kelly"), a "teacher-assistant" at Lincoln Heights Academy, who was present in the classroom during the juvenile's outburst. At the close of the State's evidence, the juvenile moved to dismiss. Specifically, the motion to dismiss alleged that (1) there was no evidence presented that the damage caused by the juvenile exceeded $200, and (2) there was no evidence that the owner of the property was the Charlotte-Mecklenburg Board of Education.
*302 In response to the juvenile's motion, the State first noted that "the value of the damage that was allegedly done here, that is not actually an element of the offense." The State next noted, with respect to ownership of the printer:
[W]hat we do have is a witness who testified in her six years at Lincoln Heights. She has knowledge that these printers are provided to the teachers. There's one in every single classroom. She testified that while it was not hers, she spoke-I'm sorry, let me back up-she testified that this was not hers; that it belonged to CMS and is provided to each teacher for every classroom, and that when this printer was damaged, she was provided a second one from someone at Lincoln Heights for CMS.
So I think it's sufficiently clear, Your Honor, as an employee of CMS that this printer belongs to that school, and we have produced sufficient evidence to surpass the motion to dismiss stage.
The trial court then denied the motion to dismiss.
On appeal, the juvenile contends that this was error. Specifically, the juvenile argues that the petition failed to allege that the school was an entity capable of owning property, and that the evidence at trial did not prove who owned the damaged printer.
First, the juvenile contends that the petition failed to allege that the school was an entity capable of owning property.
*356 "To be sufficient, an indictment for larceny must allege the owner or person in lawful possession of the stolen property." State v. Downing, 313 N.C. 164, 166, 326 S.E.2d 256, 258 (1985). If the entity named in the indictment is not a person, it must be alleged "that the victim was a legal entity capable of owning property[.]" State v. Woody, 132 N.C. App. 788, 790, 513 S.E.2d 801, 803 (1999). "An indictment that insufficiently alleges the identity of the victim is fatally defective and cannot support conviction of either a misdemeanor or a felony." Id .
State v. Phillips , 162 N.C. App. 719, 720-21, 592 S.E.2d 272, 273 (2004).
The juvenile contends that the petition in the instant case identified the owner of the damaged property as "Charlotte Mecklenburg Board of Education[.]" The juvenile contends that, pursuant to statute, the owner *303 should instead have been identified as "The Charlotte-Mecklenburg County Board of Education," and that the failure to identify the Board as such was fatal to the action. See N.C. Gen. Stat. § 115C-40 (2015).
Unfortunately, the juvenile has already acknowledged that the Board of Education was properly identified as a corporate body that can own property. At trial, during the motion to dismiss, counsel made the following observation:
Secondly, the petition alleges that the owner of the property was the Charlotte-Mecklenburg Board of Education. That is a body corporate under North Carolina Education statutes. So, therefore, it is an entity capable of owning property.
(Emphasis added.) Counsel later observed:
One of the elements of damage to property is that the State has to appropriately allege the corporate body or natural person that can own the property. They correctly alleged that here , ...
(Emphasis added.) It is clear, then, that the juvenile has already acknowledged that the Board was correctly identified as a body capable of owning property.
Nor did the juvenile actually dispute this point at trial. The argument with respect to the motion to dismiss concerned (1) the value of the damage, and (2) the fact that there was no proof that the Board of Education owned the damaged property. At trial, the juvenile failed to raise an argument that the Board was not an entity capable of owning property, and in fact readily conceded the point. A contention not raised at the trial court may not generally be raised for the first time on appeal. See N.C.R. App. P. 10(a)(1) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, ..."). Since the juvenile did not raise this argument at trial, and in fact conceded the point, we hold that this argument is not properly before us.
Next, the juvenile contends that the State presented insufficient evidence as to the identity of the owner of the damaged property. As the State noted, however, Kelly testified that the printer was owned by the school. She said that "Ms. Lucie, [the] secretary downstairs" brought the printer to her. She said that computers and printers are "supplied by the school."
The juvenile contends that the State should have presented more concrete evidence of the school's ownership of the printer. However, *304 that is an argument that goes to the weight and credibility of the evidence. On our review, we are instead required to "view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." Fritsch , 351 N.C. at 378-79, 526 S.E.2d at 455. Viewing the evidence in the light most favorable to the State, it is clear that the school supplied computers and printers to the teachers, and that those computers and printers were therefore the property of the school, and by extension the Board of Education. Accordingly, giving the State the benefit of all reasonable inferences, we hold that the State presented evidence that the school owned the damaged property. The trial court did not err in denying the juvenile's motion to dismiss.
III. Sentencing
In his second argument, the juvenile contends that the trial court erred in sentencing *357 him to 10 days' confinement. We agree in part.
A. Standard of Review
"On appeal, we will not disturb a trial court's ruling regarding a juvenile's disposition absent an abuse of discretion, which occurs when the trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision." In re J.B. , 172 N.C. App. 747, 751, 616 S.E.2d 385, 387, aff'd per curiam, 360 N.C. 165, 622 S.E.2d 495 (2005) (citation and quotation marks omitted).
"Issues of statutory construction are questions of law, reviewed de novo on appeal. Under a de novo review, the Court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." State v. Coakley , 238 N.C. App. 480, 492, 767 S.E.2d 418, 426 (2014) (citation and quotation marks omitted).
B. Analysis
The trial court found the juvenile to be a Level 2 offender, and sentenced him to 10 days in the custody of the Sheriff of Mecklenburg County. On appeal, the juvenile contends that this was an error of law, in that a statutory mandate limited the juvenile's detention. Specifically, the juvenile cites N.C. Gen. Stat. § 7B-2506(12) (2015), which states that "[c]onfinement shall be limited to not more than five 24-hour periods, the timing of which is determined by the court in its discretion." The juvenile contends that this statutory limit was exceeded by the trial court, and that this constituted an error of law.
We hold that the juvenile is correct in part. The disposition authorized by N.C. Gen. Stat. § 7B-2506(12) is explicit, and the 10-day disposition *305 imposed by the trial court exceeds the five days authorized by that subsection. We note, however, that N.C. Gen. Stat. § 7B-2506, which lists dispositional alternatives for delinquent juveniles, specifically provides that its sentencing alternatives must be used "in accordance with the dispositional structure set forth in G.S. 7B-2508 [.]" N.C. Gen. Stat. § 7B-2506. Pursuant to the language of N.C. Gen. Stat. § 7B-2506, these two provisions must be read together.
The offense at issue, destruction of personal property, was classified as "minor." The juvenile's history of delinquency was classified as "high."[2] Pursuant to N.C. Gen. Stat. § 7B-2508(f) (2015), the juvenile could only be sentenced to a Level 2 disposition. N.C. Gen. Stat. § 7B-2508 further provides that, where a juvenile is subject to a Level 2 disposition, the trial court may order "any of the dispositional alternatives contained in subdivisions (1) through (23) of G.S. 7B-2506, but shall provide for at least one of the intermediate dispositions authorized in subdivisions (13) through (23) of G.S. 7B-2506." N.C. Gen. Stat. § 7B-2508(d) (emphasis added).
As the State acknowledges, the trial court used an outdated preprinted disposition order form. The form used did not include a dispositional option citing N.C. Gen. Stat. § 7B-2506(20), which authorizes a confinement period of up to fourteen days. The court checked a box stating "Intermittent Confinement [ N.C.G.S. § 7B-2506(12) ]," and added the handwritten notation "10 days detention." Notwithstanding the fact that the ten-day detention exceeds the intermittent confinement authorized by N.C. Gen. Stat. § 7B-2506(12), the trial court was required to order another (or an additional) disposition. Namely, the trial court was required to impose at least one of the dispositional alternatives found in N.C. Gen. Stat. §§ 7B-2506(13) - (23). Its failure to do so constituted a violation of the statutory mandate of N.C. Gen. Stat. § 7B-2508(d), and was reversible error. See In re Z.T.B. , 170 N.C. App. 564, 569, 613 S.E.2d 298, 300 (2005) (holding that "[t]he use of the word 'shall' by our Legislature has been held by this Court to be a mandate, and the failure to comply with this mandate constitutes reversible error").
*358 Accordingly, the trial court erred as a matter of law in sentencing the juvenile to ten days of detention pursuant to N.C. Gen. Stat. § 7B-2506(12), and we remand for resentencing. On remand, while the *306 trial court may require that the juvenile serve as many as five days of intermittent confinement under N.C. Gen. Stat. § 7B-2506(12), it must provide at least one of the mandatory dispositional alternatives found in N.C. Gen. Stat. §§ 7B-2506(13) - (23), and explicitly identify the statutory basis or bases for the sentence imposed.
AFFIRMED IN PART, REMANDED IN PART.
Chief Judge McGEE concurs.
Judge DILLON concurs in part and dissents in part in separate opinion.

This pseudonym is used to protect the privacy of the juvenile and for ease of reading.

While the trial court's juvenile disposition order lists the juvenile's delinquency history as "low," the delinquency history worksheet, which tabulates the juvenile's prior history points, correctly notes that his history is "high." We hold that the trial court's juvenile disposition order, which lists the juvenile's history as "low," constituted a mere clerical error, and rely on the worksheet, which is correctly supported.