STATE OF NORTH CAROLINA v. SHERI MCGAHA SMALLEY

No. COA11-918

(Filed 17 April 2012)

**1. Embezzlement—sufficient evidence—agent of corporation**

The trial court did not err in an embezzlement case by denying defendant's motion to dismiss the charge as the State's evidence showed that defendant was an agent of the company and not an independent contractor.

**2. Embezzlement—sufficient evidence—constructive posses-
sion of corporation's money**

The trial court did not err in an embezzlement case by denying
defendant's motion to dismiss the charge as the State presented
sufficient evidence to prove that defendant had constructive pos-
session of the corporation's money.

Appeal by defendant from judgment entered 10 March 2011 by
Judge W. David Lee in Union County Superior Court. Heard in the
Court of Appeals 8 March 2012.

*Attorney General Roy Cooper by Assistant Attorney General
David D. Lennon for the State.*

*Robert W. Ewing of Ewing Law Firm, P.C., for defendant.*

ELMORE, Judge.

Sheri McGaha Smalley (defendant) appeals from a judgment
entered upon a jury conviction of one count of embezzlement. We
find no error.

In 1997, Chris Manus started Manus Contracting, Inc. (the com-
pany). In 2004, Manus hired defendant to handle the company's
finances. Manus gave defendant a signature stamp so that she could
sign checks for the company, and defendant was responsible for
taking the money that came into the company and distributing it as
needed. She worked primarily from her home.

In October 2005, Manus informed defendant that the company no
longer needed her services. Manus then requested that defendant
return the company's materials to him. However, defendant did not
return any of the materials until August 2006, and the materials she
returned were incomplete. As a result, Manus contacted Deputy Lori
Pierce of the Union County Sheriff's Department. Deputy Pierce
investigated the company's bank records, and discovered that defend-
ant had written numerous checks to herself. Deputy Pierce estimated
that defendant had paid herself approximately $18,540.00 more than
her agreed upon salary.

In July 2007, defendant was arrested for embezzling the com-
pany's funds. On 8 March 2011, her case came on for trial by jury. At
the conclusion of the State's evidence, defendant moved to dismiss
the charges against her for insufficiency of the evidence. The trial

court denied her motion. Defendant did not present any evidence at trial, and at the conclusion of all evidence she renewed her motion. The trial court again denied the motion. Defendant was then convicted of one count of embezzlement. The trial court sentenced her to 6-8 months imprisonment, but suspended the sentence on condition that defendant serve a split sentence of 60 days imprisonment and be placed on 36 months supervised probation. Defendant now appeals.

"This Court reviews the trial court's denial of a motion to dismiss *de novo.*" *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455, *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

[1] Defendant first argues that the trial court erred in denying her motion to dismiss because the State failed to prove that defendant was an agent of the company. Specifically, defendant argues that she was an independent contractor and was therefore not a servant or agent under the embezzlement statute. We disagree.

According to our General Statutes, a person may be criminally liable for the embezzlement of property from a corporation if that person is an agent of the corporation. *See* N.C. Gen. Stat. § 14-90 (2011). "Two essential elements of an agency relationship are: (1) the authority of the agent to act on behalf of the principal, and (2) the principal's control over the agent." *State v. Weaver*, 359 N.C. 246, 258, 607 S.E.2d 599, 606 (2005) (citation omitted).

Here, the State's evidence showed the following: 1) defendant "had full access to [the company's] checking accounts"; 2) defendant "could write checks on her own"; 3) defendant "would delegate the funds" of the company. Thus, we conclude that the State presented sufficient evidence to show that defendant had the authority to act on

behalf of the corporation. The State also presented sufficient evidence to prove that the company had control over defendant's performance. At trial, Manus explained that defendant had several responsibilities he expected her to meet. Manus also testified that he spoke to defendant "[i]n person probably once a week. By telephone, I probably talked to her three, four times a week, sometimes a lot more than that. If she had a question, she would call me." We conclude that when this evidence is viewed in the light most favorable to the State, it is sufficient to prove that the company had the ability to control defendant's performance.

In sum, the State's evidence shows that defendant was an agent of the company and not an independent contractor. As a result, we conclude that the trial court did not err with regards to this issue.

[2] Defendant next argues that the trial court erred in denying her motion to dismiss because the State failed to prove that she received into her possession lawfully the personal property of the company. We disagree.

To be guilty of embezzlement, "[t]he person accused must have . . . *received into his possession lawfully* the personal property of another[.]" *Id.* at 255, 607 S.E.2d at 604 (2005) (citation omitted) (emphasis in original). This Court has held that "the possession required by [statute] to make out a *prima facie* case of embezzlement may be actual or constructive possession." *State v. Jackson,* 57 N.C. App. 71, 77, 291 S.E.2d 190, 194 (1982) (citation omitted). "Constructive possession of goods exists without actual personal dominion over them, but with an intent and capability to maintain control and dominion over them." *Id.* at 76, 291 S.E.2d at 194 (quotations and citations omitted).

In *Jackson,* we held that the defendant had constructive possession of the corporation's goods when, while acting as an agent of the corporation and during the course of his employment there, he took deliveries of meat for the corporation, signed the invoices, and arranged for the diversion of the meat to various places. *See Id.* at 77, 291 S.E.2d at 194.

Here, the State's evidence showed that defendant was given complete access to the corporation's accounts. She was also able to write checks on behalf of the corporation and to delegate where the corporation's money went. Thus, we conclude that the State presented sufficient evidence to prove that defendant had constructive posses-

sion of the corporation's money according to our holding in *Jackson.*

In sum, we conclude that defendant had lawful constructive possession of the company's funds, because she was able to maintain control and dominion of the funds. Thus, we conclude that the trial court did not err with regards to this issue.

No error.

Judges STEELMAN and STROUD concur.