NEWBY, Justice.
In this case we must determine whether defendant’s constitutional rights were violated by the traffic stop that led to his conviction for driving while impaired. Based on the totality of the circumstances, we conclude that defendant’s stopping in the middle of the roadway and turning away from a license checkpoint gave rise to a reasonable suspicion that defendant may have been violating the law. Because the subsequent stop of defendant’s vehicle is constitutional, we reverse the decision of the Court of Appeals.
On the night of 5 January 2009, Trooper Scott Casner of the North Carolina Highway Patrol was conducting a license checkpoint on Highway 306 close to two intersections. The checkpoint was marked and illustrated by activated blue lights of patrol cars. Trooper Casner and at least one other law enforcement officer were present at the checkpoint at all times. At approximately 9:55 p.m. Trooper Casner observed a vehicle approaching the checkpoint from the west on Seafarer Road. Then the vehicle, although not at an intersection, stopped in the middle of the road and appeared to initiate a three-point turn by beginning to turn left and continuing onto the shoulder of the road. Trooper Casner testified that these actions caused him to suspect that the driver was attempting to avoid the checkpoint. Trooper Casner was able to stop the driver before he could complete the turn and leave the area. Trooper Casner approached the vehicle and asked for the driver’s operator’s license, at which time the trooper detected the odor of alcohol on defendant, the driver. Trooper Casner subsequently charged defendant with, inter alia, driving while impaired.
*475 On 4 June 2010, defendant moved to suppress the evidence from the stop, arguing that his attempt to turn around did not provide reasonable suspicion for Trooper Casner to stop defendant’s vehicle because the checkpoint was unconstitutional. The trial court concluded that the checkpoint was valid and that “Trooper Casner clearly had reasonable and articulable suspicion to stop the defendant,” finding that Trooper Casner observed defendant approach the checkpoint, then “stop in the roadway and turn his vehicle around.” As a result, the trial court denied defendant’s motion to suppress. Defendant pled “no contest” to driving while impaired, reserving his right to appeal under N.C.G.S. § 15A-979(b). The Court of Appeals reversed the trial court’s denial of defendant’s motion to suppress and vacated the resulting judgment, holding the checkpoint to be unconstitutional. State v. Griffin, — N.C. App. —, 732 S.E.2d 394, 2012 WL 4501653, at *3 (2012) (unpublished). The Court of Appeals, however, did not comment on whether reasonable suspicion for the stop existed.
We allowed the State’s petition for discretionary review to determine, inter alia, whether there was reasonable suspicion to initiate a stop of defendant’s vehicle. State v. Griffin, — N.C. —, 734 S.E.2d 861 (2012). The State argues that, regardless of the checkpoint’s constitutionality, defendant’s attempt to evade the checkpoint gave Trooper Casner the requisite level of suspicion to further investigate the situation. As such, the State contends that the trial court was correct in denying defendant’s motion to suppress the evidence from the stop. Defendant, on the other hand, argues that there was nothing unusual about his turn and therefore, there was no independent basis for making the stop.
Both the Fourth Amendment to the United States Constitution and the North Carolina Constitution protect individuals “against unreasonable searches and seizures.” U.S. Const. amend. IV; accord N.C. Const, art. I, § 20. “A traffic stop is a seizure ‘even though the purpose of the stop is limited and the resulting detention quite brief.’ ” State v. Barnard, 362 N.C. 244, 246, 658 S.E.2d 643, 645 (quoting Delaware v. Prouse, 440 U.S. 648, 653, 99 S. Ct. 1391, 1396, 59 L. Ed. 2d 660, 667 (1979)), cert. denied, 555 U.S. 914, 129 S. Ct. 264, 172 L. Ed. 2d 198 (2008). Our Court has held that “reasonable suspicion is the necessary standard for traffic stops.” State v. Styles, 362 N.C. 412, 415, 665 S.E.2d 438, 440 (2008) (citations omitted).
Reasonable suspicion is a “less demanding standard than probable cause and requires a showing considerably less than pre *476 ponderarme of the evidence.” Only “ ‘some minimal level of objective justification’ ” is required. This Court has determined that the reasonable suspicion standard requires that “[t]he stop ... be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training.” Moreover, “[a] court must consider ‘the totality of the circumstances — the whole picture’ in determining whether a reasonable suspicion” exists.
Barnard, 362 N.C. at 247, 658 S.E.2d at 645 (alterations in original) (internal citations omitted).
We examined a similar issue in State v. Foreman, in which an officer observed a vehicle travelling towards a checkpoint make a “quick left turn” onto a connecting street, after which the officer found the car parked in a residential driveway. 351 N.C. 627, 629, 527 S.E.2d 921, 922 (2000). In Foreman the defendant driver was charged with DWI, and she moved to suppress the evidence obtained from the stop. Id. at 628, 527 S.E.2d at 922. We concluded that, “[although a legal turn, by itself, is not sufficient to establish a reasonable, articulable suspicion, a legal turn in conjunction with other circumstances, such as the time, place and manner in which it is made, may constitute a reasonable, articulable suspicion which could justify an investigatory stop.” Id. at 631, 527 S.E.2d at 923. This Court noted that “ ‘flight — wherever it occurs — is the consummate act of evasion: [i]t is not necessarily indicative of wrongdoing, but it is certainly suggestive of such.’ ” Id. at 631, 527 S.E.2d at 924 (quoting Illinois v. Wardlow, 528 U.S. 119, 124, 120 S. Ct. 673, 676, 145 L. Ed. 2d 570, 576 (2000)).
Our decision in Foreman is in accord with precedent from the Fourth Circuit Court of Appeals. See United States v. Smith, 396 F.3d 579 (4th Cir.), cert. denied, 545 U.S. 1122, 125 S. Ct. 2925, 162 L. Ed. 2d 309 (2005). In Smith law enforcement officers conducting a license checkpoint observed a vehicle driving “about 985 feet from the checkpoint” appear to “ ‘slam on its brakes,’ ” and then “turn left onto a private gravel driveway leading to a single residence.” Id. at 581. As a result, the police approached the vehicle and eventually charged the defendant driver with possession of a firearm by a convicted felon. Id. at 582. The federal district court denied the defendant’s motion to suppress the evidence resulting from the stop. Id. The Fourth Circuit affirmed the district court, holding that “when law enforcement officers observe conduct suggesting that a driver is *477 attempting to evade a police roadblock — such as . . . behavior indicating the driver is trying to hide from officers — police may take that behavior into account in determining whether there is reasonable suspicion to stop the vehicle and investigate the situation further.” 396 E3d at 585 (citations omitted).
This case presents a situation comparable to the facts the courts encountered in Foreman and Smith. Defendant approached a checkpoint marked with blue flashing lights. Once the patrol car lights became visible, defendant stopped in the middle of the road, even though he was not at an intersection, and appeared to attempt a three-point turn by beginning to turn left and continuing onto the shoulder. From the checkpoint Trooper Casner observed defendant’s actions and suspected defendant was attempting to evade the checkpoint. Defendant’s turn in the middle of the road and onto the shoulder was more suspicious than the defendant’s turn onto a connecting street in Foreman and the defendant’s turn into a private driveway in Smith. It is clear that this Court and the Fourth Circuit have held that even a legal turn, when viewed in the totality of the circumstances, may give rise to reasonable suspicion. Given the place and manner of defendant’s turn in conjunction with his proximity to the checkpoint, we hold there was reasonable suspicion that defendant was violating the law; thus, the stop was constitutional. Therefore, because the trooper had sufficient grounds to stop defendant’s vehicle based on reasonable suspicion, it is unnecessary for this Court to address the constitutionality of the driver’s license checkpoint. Accordingly, we reverse the decision of the Court of Appeals.
REVERSED.