STATE OF NORTH CAROLINA
v.
MICHAEL RAY MARLEY

No. COA12-770

Filed 4 June 2013

**Motor Vehicles—driving while impaired—motion to dismiss— sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of driving while impaired. The breathalyzer test results showing defendant's blood alcohol concentration of .09 were sufficient evidence for the charge of impaired driving to be submitted to the jury.

Appeal by defendant from judgment entered 30 June 2011 by Judge James W. Morgan in Caldwell County Superior Court. Heard in the Court of Appeals 13 February 2013.

*Attorney General Roy Cooper, by Assistant Attorney General John W. Congleton, for the State.*

*C. Gary Triggs for defendant-appellant.*

STEELMAN, Judge.

Where the State presented substantial evidence that defendant was driving while impaired based upon an alcohol concentration of .08 or more, the trial court properly denied defendant's motion to dismiss.

## I. Factual and Procedural History

At approximately 1:45 a.m. on the morning of 30 April 2009, Officer Lail of the Granite Falls Police Department responded to a report of a possible intoxicated driver. Officer Lail observed a blue Mitsubishi matching the description he received; the vehicle drifted across the center dividing line of the road, made wide turns, and weaved in its lane of traffic from left to right. When the vehicle drifted off the road with its right tires, Officer Lail stopped the vehicle. Michael Ray Marley (defendant) was operating the vehicle, from which Officer Lail detected a slight odor of alcohol. Defendant informed the officer that he had consumed two or three beers. Upon emerging from the vehicle, defendant stumbled and had to brace himself to regain his balance. Defendant submitted to various field sobriety tests and an Alco-Sensor Test, all of which he failed. Defendant was arrested for driving while impaired and driving left of center. Defendant submitted to a breath test at the Caldwell County Detention Center. The test revealed a blood alcohol concentration of .09.

Defendant was charged with driving while impaired and driving left of center. At trial, the State called Officer Lail and Trooper Hyatt, the breathalyzer operator. Defendant's motion to dismiss at the close of the State's evidence was denied. Defendant offered no evidence, and his renewed motion to dismiss was denied. The jury returned a verdict of guilty on the charge of driving while impaired, and a verdict of responsible on the charge of driving left of center.

Defendant appeals.

## II. Argument

In his sole argument on appeal, defendant contends that the trial court erred in denying his motions to dismiss the charge of driving while impaired. We disagree.

### A. Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo.*" *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

" 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' " *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451,

455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

"In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

### B. Analysis

Defendant contends that the trial court committed prejudicial error by failing to grant defendant's motions to dismiss. Defendant argues that "[i]n order to withstand a Motion to Dismiss at the close of the States' case and the close of all evidence . . . the State must prove [the elements of its case] beyond a reasonable doubt." This is not a correct statement of the law.

The standard of review of a decision to deny a motion to dismiss is not "beyond a reasonable doubt," but whether there is substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Smith*, 300 N.C. at 78-79, 265 S.E.2d at 169.

In the instant case, defendant was charged under N.C. Gen. Stat. § 20-138.1, which states in relevant part that:

> A person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State:
>
> (1) While under the influence of an impairing substance; or
>
> (2) After having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.08 or more. The results of a chemical analysis shall be deemed sufficient evidence to prove a person's alcohol concentration; or
>
> (3) With any amount of a Schedule I controlled substance, as listed in G.S. 90-89, or its metabolites in his blood or urine.

N.C. Gen. Stat. § 20-138.1(a) (2011). In its instruction to the jury, the trial court stated:

> The defendant has been charged with impaired driving. For you to find the defendant guilty of this offense the state must prove three things beyond a reasonable doubt.
>
> First, that the defendant was driving a vehicle.
>
> Second, that the defendant was driving that vehicle upon a street within the state.
>
> And third, that at the time the defendant was driving that vehicle the defendant had consumed sufficient alcohol that at any relevant time after the driving the defendant had an alcohol concentration of .08 or more grams of alcohol per two hundred and ten liters of breath.

The State proceeded with the charge of impaired driving under the theory that defendant's blood alcohol level was in excess of the legal limit of .08. Defendant contends that the State failed to present sufficient evidence of blood alcohol concentration.

Defendant contends that the jury was improperly required to speculate as to the results of Trooper Hyatt's breathalyzer test. According to Trooper Hyatt's testimony, a machine with a margin of error of .02 or less performs acceptably. Defendant contends that this is evidence that the machine had a margin of error of .02. Since the breathalyzer revealed that defendant's blood alcohol concentration was .09, defendant contends that this indicates that defendant could have had a blood alcohol concentration anywhere between .07 and .11. Defendant argues that this presented a situation where the jury was required to speculate as to whether the results were accurate.

The standard of review of a motion to dismiss is whether there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Smith*, 300 N.C. at 78-79, 265 S.E.2d at 169. Our Supreme Court has held that "[o]nce it is determined that the chemical analysis of the defendant's breath was valid, then a reading of 0.10 constitutes reliable evidence and is sufficient to satisfy the State's burden of proof as to this element of the offense of DWI." *State v. Shuping*, 312 N.C. 421, 431, 323 S.E.2d 350, 356 (1984).[1]

---

1. The version of N.C. Gen. Stat. § 20-138.1(a)(2) relied upon in *Shuping* provided that the legal limit was .10 BAC. Since that time, the statute has been amended to set the limit at .08.

Defendant's argument goes to the credibility of the State's evidence, not its sufficiency to withstand defendant's motion to dismiss. Such an argument is more appropriately made to the jury at trial, and not to an appellate court.

We hold that the breathalyzer test results showing defendant's blood alcohol concentration of .09 were sufficient evidence under this standard for the charge of impaired driving to be submitted to the jury. Accordingly, we find no error.

NO ERROR.

Judges GEER and HUNTER, JR., ROBERT N. concur.