McCULLOUGH, Judge.
Defendant Sharod German Sorrell appeals his convictions of trafficking in cocaine by possession and resisting a public officer. For the reasons stated herein, we hold no error.
I. Background
On 9 September 2013, defendant was indicted for one count of trafficking in cocaine by possession in violation of N.C. Gen.Stat. § 90-95(h)(3) and for one count of resisting a public officer in violation of N.C. Gen.Stat. § 14-223.
On 14 January 2014, defendant filed a motion to suppress evidence "obtained pursuant to the invalid and illegal attempt to detain and subsequent arrest of Defendant on June 11, 2013" and a motion to dismiss his charges. Defendant argued that Officer Richard Sirianna, of the Raleigh Police Department, "lacked reasonable suspicion and thereafter probable cause to detain or to attempt to detain" defendant, constituting a violation of the Fourth Amendment of the United States Constitution.
Defendant's trial commenced at the 15 January 2014 Criminal Session of Wake County Superior Court, the Honorable Carl R. Fox presiding. Prior to jury selection, the trial court held a hearing on defendant's motion to suppress and subsequently denied his motion.
At trial, Officer Richard Sirianna testified that on 11 June 2013 at approximately 9:00 p.m., he was patrolling the area of Dacion Road. As he was patrolling apartment complexes in the area, Officer Sirianna heard the sound of loud music. The loud music was coming from apartment L, an apartment on the third floor of a building on 322 Dacion Road. Officer Sirianna knocked on the door of apartment L for a couple of minutes but no one answered.
Officer Sirianna testified that defendant came out from apartment K, located directly adjacent to apartment L. Officer Sirianna testified that defendant "thought I was knocking on his door. I later asked him, you know, if he knew who lived in apartment L or if they were around. He stated no." Officer Sirianna left his business card on the door of apartment L and proceeded to exit the apartment complex. As he was exiting through the door of the apartment complex, Officer Sirianna "smelled an overwhelming odor of marijuana." Officer Sirianna determined that the odor was coming from a gray Cadillac that was parked in the parking spot nearest to the apartment complex. The window of the Cadillac was all the way down and Officer Sirianna observed a cell phone inside of the vehicle that was plugged into the charger. Officer Sirianna believed that someone would return to the vehicle within a short period of time and walked back to his patrol car, which was parked 20-25 yards away from the Cadillac.
Officer Sirianna observed defendant exit the apartment complex and walk toward the Cadillac. Defendant opened the door to the driver's side of the Cadillac and began digging in the middle console. Officer Sirianna approached defendant as he was standing in the door frame of the vehicle and informed defendant that he was going to conduct a drug investigation because he could smell the odor of marijuana emanating from the vehicle. Officer Sirianna commanded defendant to sit down and defendant replied, "[n]o." Officer Sirianna commanded him a second time to sit down on the ground so he could conduct the drug investigation and defendant again refused.
Thereafter, defendant fled on foot. Officer Sirianna attempted to grab defendant by his shirt but the shirt ripped and defendant continued to run. While Officer Sirianna was running after defendant, he commanded him "police, stop" several times. Defendant ran thirty to forty yards before slipping and falling. As defendant was falling, he reached from his groin area and then "made a throwing motion and threw a large white hard substance in a plastic bag into a nearby bush area." Officer Sirianna caught defendant and placed him under arrest. Officer Sirianna recovered the item that was thrown into the bushes. Officer Sirianna testified that the contents of the bag was "2.25 ounces of crack cocaine[.]"
Lauren Wiley, a forensic drug chemist with the City-County Bureau of Investigation, testified as an expert in the area of forensic drug chemistry. Ms. Wiley analyzed the white substance that was thrown from defendant into the bushes on 11 June 2013. Ms. Wiley testified that the weight of the white substance, without any packaging, was 56.5 grams. She also testified that the white substance was "cocaine base, a schedule two controlled substance, with a net weight of 5.5 grams." Ms. Wiley testified that the drugs were mixed with a cutting agent.
At the close of the State's evidence, defendant moved to dismiss the charges of resisting a public officer and trafficking in cocaine. The trial court denied the motions.
On 16 January 2014, a jury found defendant guilty of trafficking in cocaine by possession and resisting a public officer. Defendant was sentenced to a term of 35 to 51 months imprisonment. Defendant appeals.
II. Discussion
Defendant advances four issues on appeal. Defendant argues that the trial court erred by (A) denying his motion to suppress; (B) failing to make written findings of fact in its denial of defendant's motion to suppress; (C) failing to dismiss the charge of resisting a public officer for insufficiency of the evidence; and, (D) failing to dismiss the charge of trafficking in cocaine by possession for insufficiency of the evidence.
A. Motion to Suppress
In his first argument on appeal, defendant contends that the trial court erred by denying his motion to suppress evidence obtained on 11 June 2013. Defendant argues that Officer Sirianna had "insufficient objective facts to justify an investigatory stop under the totality of the circumstances" and that his Fourth Amendment rights under the United States Constitution were violated. We disagree.
"The standard of review in evaluating the denial of a motion to suppress is whether competent evidence supports the trial court's findings of fact and whether the findings of fact support the conclusions of law." State v. Otto,366 N.C. 134, 136, 726 S.E.2d 824, 827 (2012) (citation omitted). "Conclusions of law are reviewed de novo and are subject to full review." State v. Biber,365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011) (citation omitted).
"The Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures. This prohibition applies to the states through the Due Process Clause of the Fourteenth Amendment. Article I, Section 20 of the North Carolina Constitution similarly prohibits unreasonable searches and seizures." State v. Thorpe,--- N.C.App. ----, ----, 754 S.E.2d 213, 220 (2014) (internal citations omitted).
Our Supreme Court has stated that the police can stop and briefly detain a person for investigative purposes if the officer has reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause.... Reasonable suspicion requires that the stop be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training. All the State is required to show is a minimal level of objective justification, something more than an unparticularized suspicion or hunch.
State v. Lopez,219 N.C.App. 139, 145, 723 S.E.2d 164, 169 (2012) (citation omitted). "A court must consider the totality of circumstances-the whole picture in determining whether reasonable suspicion to make an investigatory stop exists." State v. Sanchez,147 N.C.App. 619, 623, 556 S.E.2d 602, 606 (2001) (citations and quotation marks omitted). "Reasonable suspicion is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence." State v. Griffin,366 N.C. 473, 475-76, 749 S.E.2d 444, 446 (2013) (citation and quotation marks omitted).
In the present case, after conducting a hearing, the trial court denied defendant's motion to suppress orally and stated as follows:
THE COURT: I think the real difference here is, the question is whether or not this is a consensual encounter or whether it's an investigatory stop. That's what this case is.... I think the first situation when they-when the defendant came out and had a conversation with the officer, on that occasion it was that that clearly was a consensual encounter, but once the officer went down and looked at the car or smelled marijuana by the car, and I, I mean, even if I give Ms. Holland's statements I mean about him walking around it's because this is about walking around the car. Even if that's true the car's parked in a public place. Nothing that it doesn't say that, the officer can walk around the car any more than anybody else. It's a parking lot. The car is there. Anybody who wants to is free to do that. The officer is not restricted, and, I mean, while I get what you're saying about the officer stopping the vehicle there's nothing in plain sense and order that he not have any contact with the defendant for the officer by violating on this occasion, by looking at the car, and the officer's testimony was that he smelled marijuana by the car and that he waited to see who was going to come to the car because it had a phone that was plugged in the car and that the defendant came to the car and went into the console and that he asked him to have a-he told him to have a-to sit this on the curb and the defendant didn't. At that point that was the investigatory stop, and that once the defendant ran from that, refused and then ran, he not only provided probable cause for the arrest, resisting an officer charge, he also provided probable cause for a search, which can be provided when someone knows, or if they know from an investigatory stop based upon their behavior rather than a consensual stop where it can't be considered.
And in addition, the officer testified the defendant threw a bag of some sort that appeared to have white material that he threw some distance away before he fell and that caused the officer to have probable cause to arrest the defendant at that point because it appeared the defendant was disposing of contraband and therefore based upon the standard that whether there's sufficient articulable facts and emphasis that viewed through the eyes of a reasonable and cautious officer, guided his experience and training on the requirement, is a minimum level of objective justification, something more than an unparticularized suspicion, hunch, and based upon the totality of the circumstances there was reasonable grounds to cause a person of ordinary-let me make sure I get that language right-to form an opinion in the mind of a reasonable and prudent person that there was some probable cause believing that an offense had been committed and probable cause to believe that the defendant committed that offense and that criminal activity was afoot, that the motion to suppress is denied and the exception is noted for the record.
On appeal, defendant argues that because defendant's apartment complex was not a known drug area, Officer Sirianna was not aware of any drug arrests or convictions that defendant had on 11 June 2014, and Officer Sirianna did not testify that he smelled marijuana on defendant that day, the circumstances did not rise to the level of reasonable suspicion.
However, considering the totality of the circumstances, the evidence presented at the suppression hearing established that Officer Sirianna had reasonable, articulable suspicion to conduct an investigatory stop of defendant. After coming into a voluntary contact with defendant on the third floor of the apartment complex, Officer Sirianna exited the building and immediately "smell [ed] the odor of marijuana outside." Officer Sirianna determined that the odor was emanating from a gray Cadillac that had its driver's side window down and a cell phone plugged into the charger. Believing that someone would be returning to the car soon, Officer Sirianna concealed himself and waited. Thereafter, defendant exited the apartment complex, opened the driver's side door of the Cadillac, and went towards the center console of the vehicle. Officer Sirianna approached defendant, informed him that the odor of marijuana was emanating from his vehicle, and informed defendant that he was going to detain him based on that odor.
It is well settled that the "[p]lain smell of drugs by an officer is evidence to conclude there is probable cause for a search ." State v. Downing,169 N.C.App. 790, 796, 613 S.E.2d 35, 39 (2005) (citation omitted). Because our case law dictates that probable cause exists to support a warrantless search based on the plain smell of drugs, then the less demanding standard of reasonable suspicion was certainly satisfied in the case before us to support an investigatory stop of defendant. It was reasonable for Officer Sirianna to conclude that defendant had a direct connection to the vehicle from which the odor of marijuana was emanating based on defendant opening the door of the vehicle, entering it, and searching within the interior of the vehicle. Viewed as a whole, the facts and rational inferences derived from them support the trial court's findings, which in turn, support the trial court's conclusion that there was a minimum level of objective justification, something more than an unparticularized suspicion or hunch. The trial court's conclusion that Officer Sirianna had reasonable, articulable suspicion that criminal activity was afoot is also supported by the findings and competent evidence. Accordingly, we hold that the trial court did not err by denying defendant's motion to dismiss.
B. Written Findings of Fact
In his next argument, defendant asserts that the trial court erred by failing to make written findings of fact in its denial of defendant's motion to suppress. Defendant argues that the trial court was required to reduce its findings to writing based on N.C. Gen.Stat. § 15A-977(f) because there was a material conflict in the evidence. We disagree.
In ruling on a motion to suppress, "[t]he judge must set forth in the record his findings of fact and conclusions of law." N.C. Gen.Stat. § 15A-977(f) (2013). "This statute has been interpreted as mandating a written order unless (1) the trial court provides its rationale from the bench, and (2) there are no material conflicts in the evidence at the suppression hearing." State v. Williams,195 N.C.App. 554, 555, 673 S.E.2d 394, 398 (2009) (citation omitted).
When a trial court's failure to make findings of fact and conclusions of law is assigned as error, the appropriate standard of review on appeal is as follows: The trial court's ruling on the motion to suppress is fully reviewable for a determination as to whether the two criteria ... have been met.
State v. McFarland,--- N.C.App. ----, ----, 758 S.E.2d 457, 464 (2014) (citation omitted).
In the present case, the trial court provided its rationale from the bench. Because defendant argues that there was a material conflict in the evidence presented at the motion to suppress hearing, we must first determine whether there was a conflict in the evidence. If one exists, we must then determine whether the conflict was material.
At the hearing on defendant's motion to suppress, the State's evidence was comprised of Officer Sirianna's testimony and tended to establish the following facts. On 11 June 2013, Officer Sirianna was patrolling the area of Dacion Road around 9:10 p.m. when he heard loud music coming from an apartment complex. Officer Sirianna believed the music was coming from the third floor and knocked on the door to apartment L, attempting to make contact with the residents. No one answered that door. Defendant emerged from the apartment immediately adjacent to apartment L, apartment K. Officer Sirianna asked defendant if he knew the residents next door and he replied, "no." Officer Sirianna exited the apartment complex and smelled the odor of marijuana outside. He determined that the odor was emanating from a gray Cadillac, parked in the first spot next to the apartment complex. The driver's side window was completely down and a cell phone was plugged into the charger. Believing that someone would return to their unlocked car within a short period of time, Officer Sirianna concealed himself and waited. Defendant exited the apartment complex, opened the driver's side door of the Cadillac, and went towards the center console area of the vehicle. Officer Sirianna approached defendant and informed him of the odor of marijuana emanating from the vehicle and informed him that defendant was being detained. Officer Sirianna told defendant to sit down twice and defendant replied "no" twice. Thereafter, defendant ran away from Officer Sirianna and Officer Sirianna chased him, commanding him "police, stop" several times during the foot pursuit. During the pursuit, defendant slipped and fell. During his fall, defendant threw a hard, white substance, which was later determined to be crack cocaine.
On cross-examination, Officer Sirianna testified that he had conducted a traffic stop on defendant previous to the events of 11 June 2013, but did not recall what vehicle defendant was driving. Officer Sirianna also did not recall whether he had defendant exit his vehicle and searched the vehicle or how many times he had conducted a traffic stop on defendant. Officer Sirianna denied walking around or by the Cadillac before he entered the apartment building. Officer Sirianna testified that he did not notice the odor of marijuana emanating from defendant when he was on the third floor of the apartment complex, speaking with him outside of his apartment door. Officer Sirianna did not know what time the Cadillac arrived at the apartment complex, nor who was driving the Cadillac when it arrived.
Defendant presented the testimony of Tameka Alston and Khizah Holland, both residents of the same apartment complex, at the motion to suppress hearing. Alston testified that a month prior to 11 June 2013, she was with defendant when Officer Sirianna stopped their vehicle. Officer Sirianna asked for consent to search the vehicle and found nothing. Alston also testified to another occasion prior to 11 June 2013 when she and defendant were stopped by Officer Sirianna, Officer Sirianna asked to search the vehicle, consent was not given, and Officer Sirianna let them leave the scene. Alston testified that Officer Sirianna had "at least twice" stopped the gray Cadillac.
Khizah Holland testified that on 11 June 2013, she saw Officer Sirianna's police vehicle pull up to the apartment complex. She saw Officer Sirianna exit his police car, walk up to a gold Malibu, and walk around it, flashing his light into the car. Khizah testified that the car was not a Cadillac, but that it was parked in the parking space nearest to the building. Some point thereafter, Khizah saw Officer Sirianna interacting with defendant. She could not hear any exchange between the two, but she saw Officer Sirianna rip defendant's shirt.
After thoroughly reviewing the evidence presented at the motion to suppress hearing, the conflicts in evidence that we can ascertain are the details surrounding the incidents prior to 11 June 2013 where Officer Sirianna initiated a traffic stop and consensual search of defendant's vehicle, as well as whether Officer Sirianna walked around or peered into the Cadillac or other vehicle prior to entering the apartment complex on 11 June 2013. Although there was conflicting testimony regarding these two issues, any conflict was not material.
"[A] material conflict in the evidence exists when evidence presented by one party controverts evidence presented by an opposing party such that the outcome of the matter to be decided is likely to be affected." State v. Morgan,---N.C.App. ----, ----, 741 S .E.2d 422, 425 (2013) (citation omitted). Here, the contradicting evidence does not affect whether defendant's Fourth Amendment rights under the United States Constitution were violated. Accordingly, we hold that the trial court did not err by failing to set forth the findings of fact and conclusions of law in writing.
C. Resisting a Public Officer
Defendant argues that the trial court erred in denying his motion to dismiss the charge of resisting a public officer for insufficient evidence. We disagree.
"This Court reviews the trial court's denial of a motion to dismiss de novo." State v. Smalley,220 N.C.App. 142, 144, 725 S.E.2d 68, 69 (2012) (citation omitted). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." State v. Marley,--- N.C.App. ----, ----, 742 S.E.2d 634, 635-36 (2013) (citation and internal quotation marks omitted).
"Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor.
Smalley,220 N.C.App. at 144, 725 S.E.2d at 70 (citations and quotation marks omitted).
In order to be convicted pursuant to N.C. Gen.Stat. § 14-223 for resisting a public officer,
the State must prove: (1) that the victim was a public officer; (2) that the defendant knew or had reasonable grounds to believe that the victim was a public officer; (3) that the victim was discharging or attempting to discharge a duty of his office; (4) that the defendant resisted, delayed, or obstructed the victim in discharging or attempting to discharge a duty of his office; and (5) that the defendant acted willfully and unlawfully, that is intentionally and without justification or excuse.
State v. Cornell,222 N.C.App. 184, 186-87, 729 S.E.2d 703, 705 (2012) (citation omitted).
Defendant, relying on the holding in State v. Sinclair,191 N .C.App. 485, 663 S.E.2d 866 (2008), argues that because Officer Sirianna did not have reasonable suspicion to conduct an investigatory stop of defendant, defendant had the "right to take flight without having his actions constitute the basis" for a charge of resisting a public officer. In essence, defendant is challenging elements (3) and (5), that Officer Sirianna was discharging or attempting to discharge a duty of his office and that defendant acted willfully and unlawfully, that is intentionally and without justification or excuse.
First, we note that we have previously held in issue (A) that Officer Sirianna had articulable, reasonable suspicion to conduct an investigatory stop of defendant. Therefore, defendant's argument that Officer Sirianna was not discharging or attempting to discharge a duty of his office necessarily fails.
Furthermore, we find the circumstances in Sinclairto be readily distinguishable from those found in the present case. In Sinclair,the arresting officer knew the defendant and had had between ten and twelve "conversations." The arresting officer, other police officers, and one agent of the North Carolina Alcohol Law Enforcement Agency ("ALE") went to a bowling alley where the defendant was located because the arresting officer had "received information about drug activity." Sinclair,191 N.C.App. at 486-87, 663 S.E.2d at 868-69. The bowling alley was a known drug activity area. Id.at 487, 663 S.E.2d at 869. Although the arresting officer and the ALE agent arrived at the bowling alley in an unmarked vehicle, there were a couple of marked vehicles. Id.The arresting officer was wearing khaki pants and a burgundy polo shirt with a police badge embroidered on the front pocket while the ALE agent was in "plain clothes." Id.They both approached the defendant and the arresting officer said "let me talk to you."
Defendant stood up out of his chair, took two steps toward [the arresting officer], and said, "Oh, you want to search me again, huh?" Defendant did not sound irritated or agitated, "[j]ust normal[.]" [The arresting officer] replied, "Yes, sir[,]" and continued walking toward Defendant. Defendant stopped ten or twelve feet from [the arresting officer], "quickly shoved both of his hands in his front pockets and then removed them." Defendant made his hands into fists and took a defensive stance. As [the arresting officer] got closer to Defendant, Defendant stated, "Nope. Got to go," and "took off running" across an adjacent vacant lot.
Id.After running 150 feet, the defendant laid down and the officers detained and searched the defendant. The trial court denied the defendant's motion to dismiss the charge of resisting a public officer and our Court reversed. Id.at 488, 663 S.E.2d at 869. Our Court held that the encounter between the defendant and the officers was a consensual encounter and that the defendant's flight from a consensual encounter could not be the basis for the charge. In addition, our Court held that even if the officers were attempting to effectuate an investigatory stop, there were insufficient specific and articulable facts to warrant the intrusion. The facts did not give officers a reasonable, articulable suspicion that the defendant was involved in criminal activity. Id.at 491, 663 S.E.2d at 871. In the present case, Officer Sirianna was effectuating a lawful investigatory stop of defendant and thus, defendant was not free to flee from a consensual encounter. Defendant's fleeing was willful and unlawful, that is intentional and without justification or excuse.
Based on the foregoing, we hold the trial court did not err by denying defendant's motion to dismiss the charge of resisting a public officer.
D. Trafficking in Cocaine by Possession
In his last argument on appeal, defendant contends that the trial court erred in denying his motion to dismiss the charge of trafficking in cocaine as there was insufficient evidence that he possessed twenty-eight (28) grams or more of cocaine. We do not find defendant's argument convincing.
"To convict defendant of trafficking in cocaine, the State must prove that he 'possesse[d] 28 grams or more of cocaine.' " State v. Bradshaw,366 N.C. 90, 93, 728 S.E.2d 345, 348 (2012) (citing N .C. Gen.Stat. § 90-95(h)(3) ).
The State presented testimony from both Officer Sirianna and Lauren Wiley, a forensic drug chemistry expert, regarding the weight of the cocaine found at the scene. Officer Sirianna testified that there was 2.25 grams of crack cocaine, which clearly satisfies the weight requirement under N.C. Gen.Stat. § 90-95(h)(3). Ms. Wiley testified that the weight of the analyzed white substance was 56.5 grams, also satisfying the weight requirement. She later testified that that material was cocaine base with a "net weight of 5.5 grams ."
Defendant is correct in asserting that the testimony regarding the weight of the cocaine differed. However, viewing the evidence in the light most favorable to the State, we hold that there is substantial evidence of the "28 grams or more" requirement under N .C. Gen.Stat. § 90-95(h)(3). Accordingly, the trial court did not err in denying defendant's motion to dismiss the charge of trafficking in cocaine and we overrule defendant's argument.
III. Conclusion
Where the trial court did not err by denying defendant's motion to suppress evidence, by failing to make written findings of fact in its denial of defendant's motion to suppress, and denying defendant's motions to dismiss the charges of resisting a public officer and trafficking in cocaine, we hold that defendant received a fair trial, free of prejudicial error.
NO ERROR.
Chief Judge MCGEE and Judge CALABRIA concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered 17 January 2014 by Judge Carl R. Fox in Wake County Superior Court. Heard in the Court of Appeals 20 January 2015.