MURPHY, Judge.
 

 *329
 
 Michael Ayodeji Falana ("Defendant") appeals from the judgment below in which a jury found him guilty of felony conversion. Defendant argues that the trial court erred by denying his Motion to Dismiss
 
 *330
 
 because: (1) the State failed to establish an essential element of felony conversion; and (2) the State's evidence at trial fatally varied from the indictment. Defendant argues further that the trial court's jury instructions were in error because: (1) the trial judge instructed the jury on felony conversion based on the evidence presented at trial, which fatally varied from the indictment; (2) the trial court answered a question from the jury in violation of N.C.G.S. § 15A-1234(c) (2015) ; and (3) the trial court's supplemental instruction in response to a question from the jury was legally erroneous and resulted in a coerced verdict. We agree with Defendant that the trial court erred by denying Defendant's Motion to Dismiss, and vacate the judgment.
 

 Background
 

 In 2011, Defendant opened a business, Micdina Motors, that buys cars at live and online auctions. To carry out his business, Defendant subscribed to various online auction sites, including Copart. Copart is a marketing company that liquidates total loss vehicles through online auctions. Only members that have provided proof of licensing and paid associated fees can access and participate in Copart's auctions.
 

 Around 2012, Defendant permitted Mr. Olamide Olamosu ("Olamosu") to use his auction accounts for Olamosu to conduct his own business in exchange for a portion of Olamosu's sales. Defendant also permitted Olamosu to register as a licensed sales representative with Micdina Motors at the North Carolina Department of Motor Vehicles. Although Olamosu's transactions went through Defendant's online accounts and he had access to one of Micdina Motors' email accounts, Defendant testified that Olamosu generally did not discuss his customers with Defendant in detail.
 

 In May or June 2013, Olamosu assisted Mr. Ezuma Igwe ("Igwe") in the acquisition of a 2012 Honda Pilot ("Pilot"), which he found using Defendant's account on the Copart auction site. The purchase price was $15,200. When Olamosu and Igwe picked up the Pilot, it did not run. In addition, Igwe was unable to get title to the car as it was subject to a lien. Falsely identifying himself as Defendant, Olamosu arranged a refund with Copart for Igwe. Defendant disputed whether he knew the details of this purchase and subsequent need for a refund.
 

 In November 2013, Defendant and Olamosu began to have financial disputes over various transactions, which led Defendant to believe Olamosu owed him over $10,000. Olamosu told Defendant that he would pay Defendant what he owed before he left the country in January 2014.
 

 In January 2014, Olamosu coordinated the refund with Copart, which was to be sent to Olamosu's home address. Defendant testified that
 
 *331
 
 Olamosu told him about the check at this time, suggesting Defendant call Copart to ensure it sent the check. On 10 January 2014, Defendant called Copart, and requested that Copart send the check to his address instead. When the check arrived, Defendant deposited it in his personal bank account. Defendant denied knowing the check was Igwe's refund. He claimed he never met Igwe, and believed the check would constitute money Defendant owed him.
 

 The State charged Defendant with felony conversion in violation of N.C.G.S. § 14-168.1 (2015). The indictment read in pertinent part:
 

 that on or about January 23, 2014, in Wake County the defendant named above unlawfully, willfully, and feloniously did being entrusted with property, 2012 Honda Pilot,
 
 owned by Ezuma Igwe
 
 , as a person with power of attorney to sell or transfer the property, fraudulently convert the proceeds of the property to the defendant's
 
 *584
 
 own use. The value of the property was in excess of $400[.]
 

 (Emphasis added). At the conclusion of the State's evidence, Defendant moved to dismiss the charge, arguing that (1) there was insufficient evidence that Igwe owned the Pilot; and (2) there was a fatal variance between the indictment and the evidence presented at trial because there was insufficient evidence that Defendant converted the Pilot. The trial court denied the motion. At the close of all evidence, Defendant renewed the Motion to Dismiss, which the trial court again denied. Defendant was convicted of felony conversion. After Defendant paid restitution to Igwe in full, the trial court sentenced Defendant to a minimum 6 months, maximum 17 months imprisonment, which it suspended, placing Defendant on 24 months supervised probation. On 14 January 2016, Defendant entered oral notice of appeal.
 

 Analysis
 

 Defendant argues
 
 inter alia
 
 that the Motion to Dismiss should have been granted because the State failed to establish an essential element of felony conversion-ownership-and there was a fatal variance between the indictment and the evidence presented at trial as to ownership. We agree.
 

 "This Court reviews the trial court's denial of a motion to dismiss
 
 de novo.
 
 "
 
 State v. Smith,
 

 186 N.C.App. 57
 
 , 62,
 
 650 S.E.2d 29
 
 , 33 (2007) (citation omitted). "[T]he question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the
 
 *332
 
 perpetrator of such offense."
 
 State v. Marley
 
 ,
 
 227 N.C.App. 613
 
 , 614-15,
 
 742 S.E.2d 634
 
 , 636 (2013) (citation omitted). Substantial evidence exists if there is "relevant evidence that [a] reasonable mind might accept as adequate to support a conclusion."
 
 Id.
 
 at 614,
 
 742 S.E.2d at 635
 
 (citation omitted). A variance between the indictment and the evidence presented at trial "occurs where the allegations in an indictment, although they may be sufficiently specific on their face, do not conform to the evidence actually established at trial."
 
 State v. Norman
 
 ,
 
 149 N.C.App. 588
 
 , 594,
 
 562 S.E.2d 453
 
 , 457 (2002). Where such a variance is material, it warrants a reversal because of the concern that the defendant be "able to prepare his defense against the crime with which he is charged, and to protect the defendant from another prosecution for the same incident."
 
 Id
 
 . at 594,
 
 562 S.E.2d at 457
 
 (citations omitted).
 

 Defendant was charged with felony conversion pursuant to N.C.G.S. § 14-168.1, which states:
 

 Every person entrusted with any property as bailee, lessee, tenant or lodger, or with any power of attorney for the sale or transfer thereof, who fraudulently converts the same, or the proceeds thereof, to his own use, or secretes it with a fraudulent intent to convert it to his own use, shall be guilty of a Class 3 misdemeanor.
 

 If, however, the value of the property converted or secreted, or the proceeds thereof, is in excess of four hundred dollars ($400.00), every person so converting or secreting it is guilty of a Class H felony. In all cases of doubt the jury shall, in the verdict, fix the value of the property converted or secreted.
 

 Felony conversion "occurs when a defendant offends the ownership rights of another."
 
 State v. Woody
 
 ,
 
 132 N.C.App. 788
 
 , 789,
 
 513 S.E.2d 801
 
 , 803 (1999).
 

 [A]n essential component of the crime is the intent to convert or the act of conversion, which by definition requires proof that someone other than a defendant owned the relevant property. Because the State is required to prove ownership, a proper indictment must identify as victim a legal entity capable of owning property. An indictment that insufficiently alleges the identity of the victim is fatally defective and cannot support conviction of either a misdemeanor or a felony.
 

 *333
 

 Id.
 
 at 789-90,
 
 513 S.E.2d at 803
 
 . "Where an indictment charges the defendant with a crime against someone other than the actual victim, such a variance is fatal."
 
 Id
 
 . at 790,
 
 513 S.E.2d at 803
 
 (quoting
 
 State v. Abraham
 
 ,
 
 338 N.C. 315
 
 , 340,
 
 451 S.E.2d 131
 
 , 144 (1994) ). Thus, a proper indictment for felony conversion must identify the proper victim
 
 *585
 
 and the State must prove ownership.
 
 Id.
 
 at 789-90,
 
 513 S.E.2d at 803
 
 .
 

 The State failed to provide substantial evidence of each essential element of felony conversion because it failed to establish that Igwe owned the Pilot. Despite alleging that Defendant was entrusted with the Pilot "owned by Ezuma Igwe," the evidence demonstrated that Igwe was never the owner of the Pilot. North Carolina law defines the owner of a motor vehicle as "a person holding the legal title to a vehicle." N.C.G.S. § 20-4.01(26) (2015). Igwe never received title to the Pilot; thus, he did not meet the definition of owner of a motor vehicle in North Carolina as to the Pilot. Moreover, a lien encumbered the Pilot that Igwe could not remove. The lack of title statutorily precluded Igwe from qualifying as an owner, and the lien further demonstrated his lack of ownership of the Pilot. Therefore, the State did not produce sufficient evidence that Igwe owned the Pilot. Since ownership is essential to establishing the elements of felony conversion,
 
 Woody
 
 ,
 
 132 N.C.App. at 289-90
 
 ,
 
 513 S.E.2d at 803
 
 , there was not substantial evidence of each essential element of the offense charged. The trial court erred when it failed to grant Defendant's Motion to Dismiss.
 

 Conclusion
 

 For the reason stated above, the trial court should have granted Defendant's Motion to Dismiss. We need not reach the additional fatal variance issue argued by Defendant or the issues related to the jury instructions.
 

 VACATED.
 

 Judges HUNTER, JR. and DAVIS concur.