An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-959

Filed 17 September 2025

Nash County, Nos. 23CRS000609-630, 23CRS000610-630, 23CRS209142-630

STATE OF NORTH CAROLINA

v.

TYQUAN JAMEEL JONES, Defendant.

Appeal by defendant from judgment entered 9 August 2023 by Judge Thomas H. Lock in Nash County Superior Court. Heard in the Court of Appeals 6 August 2025.

Appeal by defendant from judgment entered 9 August 2023 by Judge Thomas H. Lock in Nash County Superior Court. Heard in the Court of Appeals 6 August 2025.

*Attorney General Jeff N. Jackson, by Assistant Attorney General Justin M. Bradley, for the State.*

*King & Moss, PLLC, by John W. Moss, for defendant-appellant.*

PER CURIAM.

Defendant Tyquan Jameel Jones appeals from a trial court's judgment finding

him guilty of possession of a firearm by a felon and carrying a concealed weapon. On appeal, Defendant argues the trial court erred by not granting Defendant's motion to dismiss because Defendant did not have constructive possession of the firearm where he lacked the knowledge that the firearm was in the vehicle. After careful review, we conclude the trial court did not err as the State presented sufficient evidence that Defendant constructively possessed the firearm.

## I. **Factual and Procedural Background**

On 12 January 2023, Officer Richard Lafayette of the Nash County Sheriff's Office was conducting his usual patrol duties when, upon passing at a convenience store on N.C. Highway 581, he spotted a black Volvo with the back of the vehicle covered in mud, making the license plate "illegible." Officer Lafayette followed the vehicle on N.C. Highway 581 and turned on his lights and sirens. The driver of the vehicle waited two to three minutes before pulling over, during which time the driver made a right turn and did not appear to notice Officer Lafayette. After the driver pulled over and stopped, Officer Lafayette approached the vehicle, noticed a marijuana odor coming from the open window of the vehicle, and observed that the driver—later identified as Defendant Tyquan Jones—was bent over with his hands located out of Officer Lafayette's sight. Officer Lafayette also noticed a male in the passenger's seat, later identified as Jonathan Mbumba. Officer Lafayette asked Defendant to place his hands on the steering wheel, and Defendant complied.

Officer Lafayette called for another officer to wait with Mbumba while Officer

Lafayette asked Defendant to sit in the patrol car while Officer Lafayette wrote a warning ticket for the obscured license plate. In the patrol car, Defendant admitted he "smoked marijuana in the car earlier that day" and that there "might be marijuana cigarettes . . . inside the vehicle[.]" Upon hearing these statements, Officer Lafayette informed Defendant the vehicle would be searched. When Officer Lafayette asked Defendant if there was anything in the vehicle that could harm Officer Lafayette, Defendant answered that he was "unsure," but his girlfriend usually kept a firearm in the car. Officer Lafayette searched the vehicle and found a blue and black Glock 43x 9-millimeter handgun under the driver's seat, approximately seven inches from where the seat "actually curves." The firearm was registered to Defendant's girlfriend, Latricia Marquesha. Additionally, although the license plate on the vehicle Defendant was driving was registered under Marquesha's name, the license plate was not registered to the vehicle itself. Marquesha was not present at the time of the traffic stop or arrest.

On that same day, Officer Lafayette arrested Defendant for possession of a firearm by a felon. On 6 March 2023, Defendant was indicted for possession of a firearm by a felon, carrying a concealed weapon, and attaining habitual felon status.

The matter came on for trial on 7 August 2023. At trial, Defendant moved to dismiss the possession of a firearm by a felon charge and moved for a directed verdict because he did not know the contents of the vehicle and therefore could not have constructively possessed the firearm. The trial court denied both motions. On 9

August 2023, the jury returned a guilty verdict, after which Defendant moved for a judgment notwithstanding the verdict. The trial court dismissed Defendant's motion. In return for the trial court's finding mitigating factors, Defendant pled guilty to the habitual felon indictment and was sentenced to sixty-six to ninety-two months of imprisonment. Defendant timely appealed.

## II. **Jurisdiction**

This Court has jurisdiction to hear an appeal from a final judgment of a superior court, pursuant to N.C.G.S. § 15A-1444(a) (2023).

## III. **Analysis**

Defendant argues the trial court erred by not granting his motions to dismiss. Specifically, Defendant argues he did not know the firearm was in the car and, therefore, could not have had the intent and power to control it as required for constructive possession.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Marley*, 227 N.C. App. 613, 614 (2013) (citations omitted). The trial court properly denies a motion to dismiss if "there is substantial evidence . . . of each essential element of an offense charged, or of a lesser offense included therein, and . . . of [the] defendant[] being the perpetuator of such offense." *Id.* at 614. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 615. In considering the evidence, the trial court must give the State "the benefit of every reasonable inference and resolv[e] any

contradictions in its favor." *Id*. at 615.

Pursuant to N.C.G.S. § 14-415.1(a), "[i]t shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm or any weapon[.]" N.C.G.S. § 14-415.1(a) (2023); *see also State v. Mitchell*, 224 N.C. App. 171, 176 (2012) ("There are two elements to possession of a firearm by a felon: (1) defendant was previously convicted of a felony; and (2) thereafter possessed a firearm." (citations and internal quotation marks omitted)).

Possession may be actual or constructive. *See State v. Malachi*, 371 N.C. 719, 730 (2018). "Actual possession requires that a party have physical or personal custody of the item," while constructive possession occurs when "the item is not in [the defendant's] physical custody, but he nonetheless has the power and intent to control its disposition." *State v. Alston*, 131 N.C. App. 514, 519 (1998) (citations omitted).

This Court has consistently held that "the driver of a borrowed car, like the owner of the car, has the power to control the contents of it." *State v. Best*, 214 N.C. App. 39, 47 (2011) (citations and internal quotation marks omitted). "Moreover, power to control an automobile where a [firearm] was found is sufficient, in and of itself, to give rise to the inference of knowledge and possession sufficient to go to the jury." *Id*. at 47. "Possession of an item may be either sole or joint; however, joint or shared possession exists only upon a showing of some independent and incriminating circumstance, beyond mere association or presence, linking the person(s) to the item[.]" *Alston*, 131 N.C. App. at 519 (internal citations and quotation marks

omitted).

Here, the State presented evidence that Defendant was in control of the vehicle, Defendant had smoked marijuana in the vehicle earlier that day, Defendant believed his girlfriend usually kept a firearm in the vehicle, and the firearm was found under Defendant's seat. In giving the State the benefit of every reasonable inference, *see Marley*, 227 N.C. App. at 615, this evidence was sufficient to go to the jury, *see Best*, 214 N.C. App. at 47; *see also Alston*, 131 N.C. App. at 519. Accordingly, the trial court did not err in denying Defendant's motions to dismiss. *See Marley*, 227 N.C. App. at 614.

## IV. Conclusion

Upon careful review, we conclude the trial court did not err by denying Defendant's motions to dismiss where there was substantial evidence to present to a jury that Defendant constructively possessed the firearm.

NO ERROR.

Panel consisting of Judges STROUD, WOOD, and FLOOD.

Report per Rule 30(e).